EL PUEBLO *v.* RUIZ.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 436.—Resuelto en junio 24, 1912.

DERECHO PENAL—ATAQUE CON INTENCIÓN DE COMETER VIOLACIÓN—RESISTENCIA DE LA OFENDIDA.—En un caso de ataque con intención de cometer violación puede la atacada ser interrogada acerca de lo que hiciera para impedir que la violación se realizara, pues la resistencia que ella hiciera, reveladora de su voluntad, es elemento importante para el esclarecimiento del delito.

ID.—MANIFESTACIONES DE LA OFENDIDA—RES GESTAE.—En casos como el presente las manifestaciones hechas por la víctima inmediatamente o poco después del delito, son admisibles como parte de las *res gestae,* no para probar la comisión del delito sino para corroborar la declaración de la ofendida.

ID.—EVIDENCIA—ROPAS DE LA OFENDIDA.—El estado de las ropas de la ofendida y las señales que ella mostrara de los actos de fuerza ejercidos sobre ella son materia de buena evidencia en casos como el presente, aunque esa evidencia sea testifical, por tratarse de hechos que están sujetos a la percepción de los sentidos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José J. Aponte.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La presente causa se originó en la Corte de Distrito del Distrito Judicial de Guayama a virtud de acusación formulada contra Florencio Ruiz, por delito de ataque con intención de cometer violación cometido de la manera siguiente:

"El acusado Florencio Ruiz, el día 17 de mayo de 1911, en el barrio de Jauca de Santa Isabel, que forma parte del Distrito Judicial de Guayama, allí y entonces, voluntaria, criminal y violentamente, atacó a la Srta. Felícita Santiago, y por medio de la fuerza y de la violencia y contra su voluntad y su consentimiento, intentó criminalmente tener actos carnales con ella, que no era allí ni entonces su esposa."

Juzgado el caso ante un jurado, éste pronunció veredicto declarando al acusado culpable del delito de ataque con intención de cometer violación, y como responsable de dicho delito, fué condenado por la corte en sentencia de 19 de octubre del año próximo pasado, a la pena de cinco años de presidio con trabajos forzados y las costas y abono de la prisión preventiva sufrida, contra cuya sentencia interpuso Ruiz recurso de apelación.

Ha venido a esta corte la correspondiente transcripción de autos, en la que aparece un pliego de exposición del caso con las objeciones hechas por la defensa a la evidencia aportada por el Fiscal durante la celebración del juicio, no habiéndose hecho alegación alguna escrita u oral por el apelante en apoyo del recurso.

Veamos cuáles son las excepciones tomadas por la defensa a la prueba practicada y consideremos cada una de ellas.

1ª. Al declarar sobre el hecho Felícita Santiago, el Fiscal le preguntó: *¿Y qué fué lo que hizo desistir a este acusado? ¿Cuál fué el motivo por que este acusado se levantó de aquel sitio y la dejó?* El abogado defensor se opuso a la pregunta por el fundamento de que lo que en el juicio se trataba de probar era el ataque con intención de violar, y era imper-

tinente averiguar lo que la Felícita hizo para que el acu-
sado no consiguiera su propósito.  La corte admitió la pre-
gunta, el acusado tomó excepción y la testigo contestó: *"Le
dije 'suelteme,' y dijo, 'Te voy a soltar, pero no digas que
fuí yo'; que la soltó, porque vió venir a Nicanor Guzmán,
quien estaba llenando unas latas de agua."*

Indudablemente que lo que se trataba probar en el jui-
cio era el ataque con intención de cometer violación; pero
ello no impedía que la testigo fuera interrogada por lo que
hiciera para impedir que la violación se realizara, pues la
resistencia que ella hiciera reveladora de su voluntad, era
elemento importante para el esclarecimiento del delito.

La razón alegada por la defensa para sostener la excep-
ción era a todas luces improcedente; y si se entendiera que
la pregunta en sí era impertinente por dirigirse a conseguir
una apreciación del testigo, razón que no se ha alegado y
de la cual por tanto podríamos prescindir, entendemos que
la corte cometió error al admitir la pregunta con infracción
del artículo 19 de la Ley de Evidencia, pero como de ese
error no ha resultado al acusado perjuicio alguno, no vicia
de nulidad la sentencia recurrida.  El jurado en vista de
los hechos relatados por la testigo, hubiera llegado a la mis-
ma conclusión o deducción que ella.

2º. Declaró entre otras cosas el testigo Nicanor Guzmán,
que habiendo oído un grito desde el sitio donde se encon-
traba, se dirigió a ver lo que ocurría, encontrándose a los
pocos pasos con Felícita Santiago que venía llorando.  Se-
guidamente preguntó el Fiscal a dicho testigo: *"¿Y qué
más sucedió?* a lo que contestó que ella decía *"¡Ay Nicanor
de mi corazón!"*  El abogado se opuso a que se relataran
las manifestaciones que a Guzmán hubiera hecho la perju-
dicada por ser contra la ley.  El juez denegó la objeción, y
el abogado tomó excepción.  El testigo continuó declarando
que la Felícita decía: *"¡Ay Nicanor de mi corazón, que
me quería un hombre forzar"*; que ella estaba llorando y el
testigo le preguntó: *"¿Qué te pasa?* y ella contestó: *"Un

*hombre me quería forzar; lo conozco de vista pero de nombre no"*; que entonces le dijo el testigo: *"¿Donde está ese hombre?"* y ella contestó: *"Por ahí va, ése,"* y vió corriendo a Florencio Ruiz que es el acusado. Preguntó después el Fiscal al testigo *"¿Ud. observó la ropa, el estado en que estaba Felícita Santiago?"* a lo que contestó que sí; y el abogado se opuso a la pregunta por la misma consideración que la anterior, o sea por ser contraria a la ley. El juez la admitió, el abogado tomó excepción y el testigo continuó declarando que el estado en que se encontraba Felícita Santiago era toda sucia y con un arañazo en la cara.

Las manifestaciones de Felícita Santiago testificadas por Guzmán fueron hechas a éste, como se ve, momentos después de ocurrir el suceso y por tanto son admisibles como parte de las *res gestae.*

Es doctrina legal que la regla de que en un caso de violación las manifestaciones de la mujer agraviada, hechas inmediatamente o poco después de inferida la ofensa, es prueba buena como parte de las *res gestae,* no para probar la comisión de la ofensa sino en corroboración de la evidencia de la ofendida, es aplicable con igual fuerza en caso de ataque con intención de cometer violación.

*State* v. *Imlay,* (Utah), 61 Pac. Reporter, 557.

*People* v. *Gage,* 62 Mich., 271, 273.

*Lights* v. *The State,* 21 Tex. App., 308.

*Sentell* v. *The State,* 34 Tex. Cr. App., 260, 262.

*People* v. *Barney,* 114 Cal., 554.

*People* v. *Stewart,* 97 Cal., 238, 241.

El estado de las ropas de la ofendida y las señales que ésta mostrara de los actos de fuerza sobre ella' ejercidos, son materia de buena evidencia en casos como el presente, aunque esa evidencia sea testifical, por tratarse de hechos que están sujetos a la percepción de los sentidos.

La evidencia admitida fué pertinente, propia y adecuada, y bajo ningún concepto contraria a la ley, como así se alegó, sin especificar la ley que fuera infringida.

*People* v. *Figueroa,* 134 Cal., 161.

*Grimmett* v. *The State,* 22 Tex. Ct. App., 36.

*Lights* v. *The State,* 21 Tex. App., 308.

*State* v. *Sargent,* (Oregon), 49 Pac., 889.

3ª. El acusado hizo también objeción a la pregunta dirigida por el Fiscal al testigo Manuel R. Vázquez, cuya pregunta dice así: *"Qué de particular presentaba esa niña en su cuerpo?"* A esa pregunta se opuso el abogado por el fundamento de que el testigo era de referencia, y las manifestaciones de la perjudicada en un caso de ataque con intención de cometer violación no debe ser materia de prueba, oposición que fué desestimada, tomando excepción el acusado. El testigo contestó que la situación en que encontró a la niña *era que su traje estaba en completo estado sucio,* alegando entonces la defensa, que primeramente había que preguntar al testigo si vió a la perjudicada, si llegó donde él y en qué sitio, lo que la corte estimó innecesario, tomando la defensa nueva excepción, después de lo cual el testigo continuó declarando *que el traje de la perjudicada estaba completamente en un estado de suciedad y ella estaba sucia por la espalda.*

El expresado testigo no era de referencia, ni fué preguntado por manifestación alguna que le hiciera la perjudicada. No vemos la necesidad de que el Fiscal preguntara al testigo si vió a la perjudicada, pues atendidas las manifestaciones hechas era indudable que la había visto, bien llegando ella donde el testigo o el testigo donde ella, sin que tuviera importancia saber el sitio en que la viera; pero si el acusado deseaba conocer esos particulares pudo ejercitar el derecho de repreguntar al testigo.

4°. El acusado pretendió que se eliminara del récord toda la declaración de la testigo Teresa Torres por ser de referencia, lo que fué denegado por la corte tomándose excepción de tal negativa.

La declaración de Teresa Torres dice así:

"Que es la madre de Felícita Santiago; que el 17 de mayo de 1911, estaban en la hacienda Destino pero que ahora vive en Aibonito; que estaba tostando un café cuando pasó el caso; que su hija llegó a la cocina y ella estaba tostando un café; que su hija llegó bañada en lágrimas donde ella, y le dijo '¡Fela!, ¿qué te pasa? y dice, '¡que Florencia Ruiz me quería forzar!' y le dije, 'véte donde está tu papá al cuarto hasta ver lo que se hace'; que el vestido de su hija estaba todo enlodado; toda desnuda: que estaba arañada en la cara y en la boca; el sucio del traje era por detrás o sea por la espalda, y que era prietusco: que no tiene ningún conocimiento directo de que el acusado haya atacado a la joven."

El testimonio transcrito de Teresa Torres es admisible por las razones que ya hemos expuesto anteriormente, al tratar de las excepciones opuestas a las declaraciones del testigo Nicanor Guzmán y Manuel R. Vázquez.

Finalmente, el abogado del acusado pidió a la corte desestimara la acusación y ordenara el sobreseimiento de la causa, invocando el artículo 161 del Código de Enjuiciamiento Criminal, o sea por creer que los hechos expuestos en la acusación no constituyen el delito público de ataque con intención de cometer violación.

La acusación es suficiente, pues contiene una exposición de los actos constitutivos del delito en lenguaje conciso y corriente, y está redactada de tal modo que cualquier persona de inteligencia común puede entenderla.

Se imputa al acusado el hecho de haber atacado a Felícita Santiago con intención de tener actos carnales con ella, y por tanto, es suficiente para que el acusado pudiera defenderse y el tribunal pronunciar su sentencia como resultado de una convicción conforme a derecho.

Las instrucciones al jurado incluídas en el récord no estan autenticadas, pues no aparecen firmadas por el juez, y por tanto, esta corte se abstiene de examinarlas.

Hemos hecho un examen detenido de toda la prueba y ella sostiene la sentencia apelada. La pena está compren-

dida dentro del término de uno a catorce años de reclusión, que al delito cometido señala el artículo 222 del Código Penal.

La sentencia debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.