EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GENEROSO MONTERO, acusado y apelante.

No. 2453.—*Visto:* Abril 3, 1925. *Resuelto:* Mayo 26, 1925.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y *Certiorari*—REVISIÓN—CONCLUSIONES DEL JURADO SOBRE PRUEBA CONTRADICTORIA.—La conclusión a que llegue el jurado al decidir el conflicto existente cuando la prueba es contradictoria no será modificada en apelación a menos que la misma sea manifiestamente errónea.

2. VIOLACIÓN—PROCESO Y CASTIGO—EVIDENCIA—CORROBORACIÓN DE LA DECLARACIÓN DE LA PERJUDICADA.—Son admisibles en evidencia y suficientes como corroboración de la declaración de la ofendida, las declaraciones de personas a quienes ella se quejó del agravio inferido por el acusado prontamente después de la comisión del delito.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), declarando al acusado culpable de un delito de violación. *Confirmada.*

*José R. Aponte* y *José A. Vargas,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La acusación imputó al apelante en este caso que el 12 de julio de 1924 tuvo actos carnales con la joven María Josefa Rodríguez, que no es su esposa, a la fuerza y contra su voluntad y habiendo sido declarado culpable por un jurado del delito de violación interpuso esta apelación en la que alega como único motivo para la revocación de la sentencia condenatoria que ésta es contraria a las pruebas y a derecho porque no se probó la comisión del delito y porque la declaración de dicha joven no fué corroborada.

[1] La declaración de esa joven en el juicio acusa al apelante de haber tenido actos carnales con ella en la noche de ese día por la fuerza y produciéndole golpes, y aunque ella había declarado anteriormente ante el gran jurado en el sentido de que voluntariamente había tenido esos actos con

el acusado, manifestó sin embargo que eso no era la verdad y que lo había dicho por instigación de un pariente del acusado. El pequeño jurado que conoció del juicio tenía que decidir si a pesar de esa declaración anterior daba crédito a lo declarado ante él por dicha joven, y lo hizo dando crédito a su última declaración y como estaba en mejores condiciones que nosotros para decidir ese conflicto, pues oyó su declaración, no podemos declarar que cometiera un error manifiesto en tal decisión. En igual situación nos encontramos en cuanto al conflicto entre lo declarado por dicha joven y por el acusado, quien manifestó que esos actos los había tenido con la joven en varias ocasiones anteriores pero no esa noche, y siempre con su consentimiento.

[2] La cuestión más importante en este caso es si la declaración de la perjudicada ha sido corroborada, como exige el artículo 250 del Código de Enjuiciamiento Criminal en esta clase de delitos.

Desde luego que no hubo ningún testigo presencial, pero un médico declaró que reconoció a la joven la que tenía golpes en su cuerpo, y estaba desflorada aunque no recientemente, habiendo declarado otras personas que el acusado estaba en otra casa en un velorio y salió de allí sintiéndose al poco rato un grito, como si fuera en la casa de dicha joven, y que pocos momentos después se dirigieron a dicha casa en la que encontraron a la expresada joven llorando y les manifestó que el acusado había abusado de ella. La declaración del médico corrobora la declaración de la perjudicada en cuanto a los golpes que recibió esa noche, pero ¿está corroborada por otra evidencia en cuanto a relacionar al acusado con el delito? La única evidencia sobre este particular son las manifestaciones que según algunos testigos ella les hizo con respecto al acusado pocos momentos después de realizado el hecho, evidencia que es suficiente corroboración de la declaración de la mujer en cuanto a la comisión del delito por el acusado, según hemos declarado en el caso de *El Pueblo* v. *Ruiz,* 18 D.P.R. 606. En 22 R.C.L. 1212,

No. 47, se dice que si bien es regla general que la declaración de un testigo no puede ser corroborada o confirmada por prueba de que el testigo expuso los mismos hechos testificados en la corte en alguna ocasión sin estar bajo juramento, sin embargo, existe una excepción para los delitos de violación y de ataque para cometer ese delito, siendo unánime las cortes en sostener que puede ser demostrado por la declaración de la perjudicada o de otros testigos que ella se quejó del agravio prontamente después de su comisión, siendo tal prueba generalmente admisible solamente en corroboración de su declaración y no como prueba independiente del delito imputado. Véase también 33 Cyc. 1463.

Incidentalmente alega el apelante que no es suficiente la instrucción de la corte al jurado sobre corroboración de la declaración de la ofendida, pero la hemos examinado y a nuestro juicio es suficiente.

*Confirmada.*