[Crim. No. 3438.    Second Dist., Div. One.—April 29, 1941.]

THE PEOPLE, Respondent, v. EDWIN B. HARSCH, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney-General, and Burdette J. Daniels, Deputy Attorney-General, for Respondent.

YORK, P. J.—Appellant was charged in an information with the crime of robbery, together with a prior conviction of felony. At the trial appellant appeared *in propria persona* and was found guilty as charged, the jury fixing the crime as robbery in the second degree. This appeal is prosecuted from the judgment of conviction and from the order by which appellant's motion for a new trial was denied, upon the grounds: (1) The verdict is contrary to the evidence; (2) Errors of law committed by the court during the trial; and (3) Prejudicial misconduct on the part of the deputy district attorney, who prosecuted the cause.

The alleged robbery took place at about 1:40 o'clock in the morning of April 25, 1940, when appellant entered the Avalon Coffee Shop at 5957 Avalon Boulevard in the city of Los Angeles, stepped to the counter, pointing a gun at Charles McKinnon, a waiter, in the presence of a customer named William Le Doux, and said: "All right, let's have it"; referring to the money in the cash register which was resting on the counter nearby. The witness McKinnon testified that he handed appellant the contents of the cash register which was later checked and found to be the sum of $31.50, consisting of $20 in change, a $5 bill and some $1 bills. The said robber then took a wallet from the pocket of Le Doux and finding it empty threw it on the counter. During all the time appellant was in the cafe, he held his gun partly concealed by a handkerchief pointing either at McKinnon or at Le Doux. Appellant was arrested in the morning of April 25th in an automobile parked in front of 918 West 2nd Street, Los Angeles, in which automobile he was found lying in an intoxicated condition on a bag of coins.

At the trial the silver coins enclosed in a light brown paper envelope were offered in evidence and marked for identification, the denominations of the coins being noted as follows: one 50¢ piece, twenty-four 25¢ pieces, ninety-six dimes, sixty

nickels and five pennies, totaling $19.15. There was also placed in evidence a $5 bill and three $1 bills which were found on appellant's person at the time of his arrest.

In connection with his first point, appellant urges that the evidence is insufficient to justify his conviction for the reason that he was not identified beyond a reasonable doubt as the person who robbed the coffee shop.

The witness McKinnon positively identified appellant as the man who committed the robbery at the time and place in question. He selected appellant from a group of men at a police "show-up", and upon cross-examination conducted by appellant *in propria persona*, said witness testified with regard to the subject of identification as follows:

"Q. Yet you were able to study the man, were you, being nervous? A. I can't say that I studied him. I would know the man if I ever saw him again, yes. . . . Q. Did you actually see him? A. I saw you there, if that is what you mean. Q. You did not see me at all. A. You are a damned liar. (Spoken very low.) . . . Q. When you got over to jail with Mr. Olson, what occurred there? A. They lined the persons up in the hall and I went down and picked you out. . . . Q. You thought I resembled the man that held you up? A. I didn't think; I knew. Q. You could not be mistaken? A. I would know you ten years from now, as far as that goes. . . . Q. Did you at the preliminary trial say that when the man told you to produce the money out of the cash register that you laid it on the counter, that you did not hand it to him? A. Personally, I did as you told me to, 'Put your hands up' and the rest of it, and I put the rest of it in your hands and you put it in your coat pocket. Q. In speaking of the robber in the future, speak of him as the robber, and not as me. A. There is no doubt you are the man. Mr. HARSCH: I am here to prove you are wrong. When you say I resemble the man that held you up you are wrong, and I am here to prove it. Mr. BRANDLER (Dep. District Attorney): I think the witness has the right, when he is questioned concerning the similarity of the suspect and the defendant, I think he has the right to identify that person as the defendant. The COURT: That is correct. . . . Q. When you saw me in jail with what you think was wrong with me, black eye or something, did I still resemble the man that robbed you? A. You are the man! Q. The question

is, did I still resemble the man? A. Yes. Q. I still resembled him? A. Yes. Q. Even though there might have been something wrong with my face? A. Yes. . . . Q. By Mr. HARSCH: Do you recall exactly what there was about my face that made you think perhaps I had been in a fight, as you put it? A. No, I really don't. Q. Do you think now that your identification then was absolutely infallible? A. I am sure it was you. Q. Sure it was me? A. I am sure you are the man who held me up. Q. Despite anything that might have been wrong with my face? A. That's right. . . . Mr. HARSCH: Q. Did you notice at the time that the robber had a tooth missing or a prominent scar on his face? A. No. Q. Didn't notice anything like that? A. No. Q. And yet I have those defects and yet you claim I look like the man? A. You don't *look like* the man, you *are* the man.''

In addition, William Le Doux identified appellant as the person who committed the robbery in question.

The claimed inconsistencies in the testimony of these witnesses are of such a trivial nature that they are ineffective to weaken the positive testimony as above outlined. As stated in *People* v. *Farrington*, 213 Cal. 459, 463 [2 Pac. (2d) 814]: ''The strength or weakness of the identification, the incompatibility of and discrepancies in the testimony, if there were any, and the uncertainties of witnesses in giving their testimony were matters solely for the observation and consideration of the jurors in the first instance, and for the consideration of the trial court on motion for a new trial. It has approved the finding of the jury, and on appeal this court may not disturb such finding and the action of the trial court unless we can say, as a matter of law, that there was no evidence to support the conviction. (*People* v. *Erno*, 195 Cal. 272, 283 [232 Pac. 710].) On the record before us, we cannot say that this is such a case.'' See, also, *People* v. *Hightower*, 40 Cal. App. (2d) 102, 106 [104 Pac. (2d) 378].

The evidence with respect to identification of appellant as the man who committed the robbery was amply sufficient to sustain the conviction herein.

■ Appellant claims that the court erred in admitting into evidence the money and coins found in his car and on his person at the time of his arrest, for the reason that such

money was not identified nor connected in any way with the robbery.

While it is true that the coins were not capable of identification, and appellant said he obtained them in a crap game, nevertheless, it was definitely established by the testimony of the two men, who were held up, that the money taken from the cash register consisted mainly of small change, consequently, the coins found in appellant's car at the time of his arrest were "admissible in evidence, not as being sufficient in themselves to warrant or sustain his conviction, but as a circumstance which it was proper to place before the jury for their consideration in passing upon the guilt or innocence of the defendant. (*People* v. *Lang,* 142 Cal. 482 (76 Pac. 222 [232]).)'' (*People* v. *Ferns,* 27 Cal. App. 285, 287 [149 Pac. 802].)

■ There is no merit in appellant's final point that the statement of the deputy district attorney concerning appellant's failure to take the stand constituted prejudicial error. Article I, section 13, of the Constitution of this state authorizes the court or counsel to comment to the jury upon defendant's failure to explain or deny by his testimony any evidence of facts in the case against him. (*People* v. *Cowling,* 6 Cal. App. (2d) 466, 473 [44 Pac. (2d) 441].)

For the reasons stated, the judgment and order appealed from are, and each of them is, affirmed.

Doran, J., and White, J., concurred.