[Crim. No. 2172.   First Dist., Div. Two.—June 19, 1941.]

THE PEOPLE, Respondent, v. JAMES SOLDAVINI, Appellant.

Nathan C. Coghlan for Appellant.

Earl Warren, Attorney-General, and David K. Lener, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury upon an information charging burglary of an oil service station located at 200 Carl Street in San Francisco. From the judgment following a verdict of guilty and from the order denying a new trial he brings this appeal.

The oil station was entered and valuable property taken therefrom during the night of June 7th, or early in the morning of the 8th. At about 5:54 a. m. of the 8th defendant was seen near the corner of 10th Avenue and Quintara Street where he stopped an old automobile which he was driving and endeavored to destroy a cash tray which had been taken from the oil station, and also endeavored to break open a telephone pay box which was taken from the same place. A little later he was observed by another witness near 22nd Avenue and Balboa driving the same automobile, which he abandoned at that corner because the left front wheel was broken. This witness got into his own car and drove around several blocks until he again saw the defendant running into a tradesmen's entrance. A little later he saw him back out of a garage in another car. The witness gave chase, but the defendant abandoned the second car and started

462

running, when a police officer gave chase, over several back yard fences until both defendant and the officer were near exhaustion. The defendant was taken into custody and gave an assumed name. His excuse for the flight and for the false name was that he was on parole and did not want the officer to know it.

The first point raised on the appeal is that the evidence is insufficient to prove identity. The witnesses all testified that they observed a man in a dark blue suit and a light hat. One witness testified that he thought the man he had seen was heavier than the defendant, but that, to the best of his knowledge, the defendant was the same man that he had seen get out of the automobile in the morning of June 8th. "In order to sustain a conviction it is not necessary that the identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies. It is the function of the jury to pass upon the strength or weakness of the identification and the uncertainties of the witnesses in giving their testimony." (*People* v. *Addington*, 43 Cal. App. (2d) 591, 593 [111 Pac. (2d) 356].) The evidence of the identity of the defendant was sufficient to support the conclusion of the jury that he was the same party who had been seen running about the neighborhood just before the arrest, and there is no contention that that party was not the same person who alighted from the automobile in which the stolen goods were found. All the circumstances point to this party as the one who committed the burglary and the inferences compel the conclusion that the defendant was that party. This evidence being sufficient to support the verdict the motion to advise the jury to return a verdict of not guilty, made at the conclusion of the People's case, was properly denied.

The appellant criticises the instruction given on the subject of flight. The objection seems to be that the language used, "The flight of a person, after the commission of a crime", was erroneous because the word "immediately" was not inserted before the word "after". The evidence was that the burglary was committed some time before 5:50 a. m., and that, for the first hour immediately preceding his arrest, the appellant was either attempting to destroy the evidence of his crime or to flee from those who were trying to apprehend him. Though the instruction as given was not in the precise language of section 1127c of the Penal Code it

was not in any sense prejudicial to appellant under the circumstances.

Objections are made to the instructions on reasonable doubt, presumption of innocence, burden of proof, and the credibility of witnesses. On the subject of reasonable doubt it is claimed that the court belittled the issue in the use of the expression "there is nothing mysterious about the term at all." This language was followed by an exact quotation of a portion of the definition of the term found in section 1096 of the Penal Code and the trial court followed with an attempt to explain the definition. But it omitted the essential portion of the section reading: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him guilty beyond a reasonable doubt." There was here a failure to instruct on the essential elements of the presumption of innocence and the burden of proof. These subjects were not covered in any other instruction given, and for that reason the judgment cannot stand. The accepted rule is stated in 8 California Jurisprudence, page 309, reading: "It is the duty of a court in criminal cases to give, of its own motion, instructions on the general principles of law pertinent to such cases, where they are not proposed or presented in writing by the parties themselves. But it is not its duty to give instructions upon specific points developed through the evidence introduced at the trial, unless such instructions are requested by the party desiring them." The rule is approved in *People* v. *Scofield*, 203 Cal. 703, 709 [265 Pac. 914]; *People* v. *Curran*, 24 Cal. App. (2d) 673, 676 [75 Pac. (2d) 1090]. The basis of the rule is found in section 1096 of the Penal Code which declares the presumption of innocence places upon the state the burden of proof. This is followed by section 1096a which reads: "In charging a jury, the court may read to the jury section 1096 of this code, and no further instruction on the subject of the presumption of innocence or defining reasonable doubt need be given." The clear purport of this section is that the court may meet the requirements of the above rule stated in California Jurisprudence by reading section 1096 to the jury without further instructions on those subjects. But there

has been no relaxation of the rule that the jury must be instructed upon these general principles of law notwithstanding a failure of the defendant to propose instructions covering them. No other point raised by appellant requires discussion.

The judgment is reversed, and cause remanded for a new trial.

Sturtevant, J., and Spence, J., concurred.