[Crim. No. 3749. Second Dist., Div. One. Dec. 8, 1943.]

THE PEOPLE, Respondent, v. SEBURN SUTTLES, Appellant.

Maurice A. Gleason for Appellant.

Robert W. Kenny, Attorney General, and John F. Hassler, Jr., Deputy Attorney General, for Respondent.

DORAN, J.—By information, the District Attorney of Los Angeles County charged defendant with violations of Penal Code section 288, in two counts, a violation of Penal Code section 288a, assault with intent to commit rape, burglary and kidnaping. Defendant entered a plea of not guilty to all counts, as charged, and the cause was tried by the court without a jury. Defendant was found not guilty of the charge of kidnaping, but was found guilty of all the other charges; and judgment and sentence were pronounced thereon. Defendant's motion for a new trial was denied; and defendant appeals from the denial of his motion and from the judgment.

Defendant in his argument does not attack the sufficiency of the evidence as to the commission of the crimes charged, but confines his argument to the contention that the evidence was insufficient to identify him as the perpetrator of the crimes. His victims were two young girls, nine years and thirteen years old, respectively. Other children were present when some of the acts were perpetrated. The children who testified identified the defendant. The thirteen-year-old girl testified that the man who attacked her was wearing a zipper jacket, bearing a picture, and that both such picture and jacket were the same as that introduced in evidence. The "picture" on the jacket in evidence was a worker's identification badge bearing defendant's photograph; and the jacket with the badge attached were found in an alley near the cabin courts where the crimes charged were committed. Groceries,

identified as having been in the possession of defendant, were found at or near the scene of the crimes. Among these groceries was a bag of nuts. Similar nuts were found in the pocket of the jacket. The children had heard nuts rattling in the pocket of the man who had committed the crimes, and some of these nuts had rolled out on the bed where the nine-year-old girl had been molested and the thirteen-year-old girl had been attacked. The defendant was also identified by certain facial scars he bore and by certain missing teeth, and by his general physical similarity to the appearance of the attacker. The crimes were committed in the night-time but the lights were on when the attacker entered the cabin where the children were. The thirteen-year-old girl was taken outside of the cabin by her attacker.

It is well settled that it is not necessary that identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies. *People* v. *Addington,* 43 Cal.App.2d 591 [111 P.2d 356]; and see also cases cited in 7 McK. Dig., Criminal Law, section 565. The sufficiency of the identification of defendant was a matter for the consideration of the trial court, and the findings of the trial court may not be disturbed upon appeal unless it can be said as a matter of law that there was no evidence to support the conviction. (*People* v. *Farrington,* 213 Cal. 459 [2 P.2d 814]; *People* v. *Harsch,* 44 Cal. App.2d 572 [112 P.2d 654]; *People* v. *Soldavini,* 45 Cal.App. 2d 460 [114 P.2d 415].) The evidence was plainly sufficient and the appeal is devoid of merit.

The judgment and the order denying the motion for a new trial are, and each of them is affirmed.

York, P. J., and White, J., concurred.