[Crim. No. 2304. First Dist., Div. Two. Aug. 14, 1945.]

THE PEOPLE, Respondent, v. JOSEPH FINKEL,
Appellant.

Nathan C. Coghlan for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was charged in thirteen counts of an indictment with rape, robbery, burglary, and attempt to commit rape in respect to five different women. On a trial to a jury he was acquitted on the charges alleged in counts one to three inclusive and counts eleven to thirteen inclusive. He was convicted on the charges found in counts four, six to ten inclusive, and guilty of the lesser offense of simple assault on the charge of assault with intent to commit rape found in count five. The jury also found that the charge of a prior offense of attempt to commit rape in Honolulu was true. Consecutive sentences were imposed for the various offenses of which he was found guilty and his motion for a new trial was denied. His appeal is from the judgment and the order denying a new trial.

A brief statement of the facts will suffice, as it cannot be seriously argued that the evidence relating to the various assaults is insufficient to support the verdicts.

The transactions upon which the counts of the indictment were based differ in detail, but in substance they were all similar. Briefly, it appeared that each of the women involved resided in either a basement room or apartment in San Francisco. In each case, no other adult was present except the victim. In each instance, except in the case of Mrs. Wilhelmson, the woman awoke at night to find a man choking her. Mrs. Wilhelmson heard a noise, got out of bed, and found the man standing in the clothes closet. He

attempted in each case to bind and blindfold the victim. He then, except in the case of Miss Brockman and Miss Farris, committed an act of rape, and upon its conclusion extracted money from the victim's purse. In all instances he informed the victims he would not hurt them if they were "nice to him," and he stifled their outcries by choking them. The women all appeared to have a similar impression of his voice. Miss Brockman struggled successfully with him and he was unable either to rape or rob her, and finally fled after inflicting numerous scratches and bruises on her body. It was on this transaction that defendant was convicted only of simple assault and burglary and was sentenced to five months in the county jail on the former. Miss Farris' roommate returned home while the man was binding her and he ran out without accomplishing his purpose.

The women all identified their attacker as a negro, or as a white man with negro blood or features, or as a Mexican or "foreigner." However, four of these women picked Finkel in the police line-up and identified his picture beforehand, picking it out of a group of five. The police originally traced him through a laundry mark bearing the initial "F" found torn off of a piece of linen used to bind and gag one of the victims.

It was also shown that a fellow prisoner—formerly a barber—had been giving Finkel skin bleaching treatments with a preparation containing Fuller's earth while the defendant was confined in the county jail awaiting trial. The barber had also cut Finkel's naturally kinky hair into waves and had shaved his eyebrows, which altered his appearance greatly. This testimony was denied by witnesses for the defense, whose testimony, however, was fully impeached.

Appellant attacks the fourth count of the indictment on which he was found guilty as not supported by the evidence. It charged him with the crime of burglary in entering the apartment of Ann Brockman "with the felonious intent . . . to commit theft." Appellant argues that the only evidence of intent was that he intended to commit the crime denounced by section 288a of the Penal Code; that the evidence shows that he was prevented from doing so by the resistance of his intended victim, that no theft was committed, and hence no proof of a burglary. The argument is facetious. In substance it is that if a man enters the bedroom of a strange woman in the middle of the

night, finds her asleep in bed, blindfolds her and ties her hands, tries to attack her, but is kicked out of the bed by the intended victim who throws the bed over on him and sets up such an outcry that he has to flee, his statement that he just wanted a glass of water must be taken as conclusive proof that his entry was without criminal intent. Burglary is defined in section 459 of the Penal Code as an entry "with intent to commit grand or petit larceny, *or any felony.*" " . . . One can commit burglary by entering a building with intent to commit any felony, such as rape, robbery, arson, or murder." (*People* v. *Devlin,* 143 Cal. 128, 129 [76 P. 900].) Though the indictment charged "intent to commit theft" and no theft was committed, it was a fair inference from all the evidence that such was one of his intentions.

The evidence amply supports the verdict on this count and the identification of the appellant was complete. He was recognized by the complainant and two other occupants of the apartment house who saw him escaping from the premises.

■ No good purpose can be served in an extended treatment of appellant's attack upon the verdict in respect to count five. He was charged with an assault with intent to commit rape and was convicted of a simple assault. He argues that from the evidence that he stated he intended to commit sodomy and not rape the "simple assault" was an offense included in the major offense of sodomy which was not charged. As we said in reference to the fourth count the intent of the assailant in a case of this character may be determined from his actions and the surrounding circumstances. Though appellant has now served the sentence on this count and the questions raised are moot (except his argument that this count and the evidence supporting it were improperly added by the prosecution for the sole purpose of creating prejudice against him) we are satisfied that the charge was properly pleaded, that the evidence was sufficient to prove the charge as made, and hence it was necessarily sufficient to support the verdict of guilty of the minor offense.

■ On the sixth, seventh and eighth counts appellant was convicted of rape, robbery and burglary of the premises of Mrs. Wilhelmson. She was awakened about 4:30 a.m. She got up and walked into the hallway. An electric light

was burning in the bathroom. The appellant came from a closet through the path of this light and the complainant had a full view of his face and features. Appellant seized her by the throat and threatened to kill her. He then walked her out of the house to a patio where an act of rape was committed. He walked her back into the house where he forced her to give him her purse and took all the money she had. The complainant's testimony was complete and sufficient to sustain the conviction on all three counts. Her identification of appellant was unmistakable and was not shaken by any competent evidence.

On counts nine and ten appellant was convicted of assault with intent to commit rape and of burglary of Mary Farris. She was awakened about 11 p.m., after she had gone to bed, by a man choking her. He followed the same tactics as in the other instances—threatening severe punishment while choking her, tying her hands behind her back, and blindfolding her. He used the same kind of bandanas for this purpose, wore soft shoes and gloves, and demanded money. The evidence of the two offenses is clear and sufficient. The identification is also complete and, unmistaken. In addition the roommate of the complaining witness returned as appellant was running from the room. This room was well lighted and both women had a good look at the intruder.

Evidence covering counts one to three inclusive and eleven to thirteen inclusive on all of which appellant was acquitted showed similar tactics on the part of the intruder, but the complaining witnesses had been blindfolded before they were able to see the party attacking them and the jury no doubt believed that the evidence of identification was not satisfactory.

As we understand the argument of appellant it is that the testimony of all these witnesses was the result of hallucinations, and that it was discredited on cross-examination. He labors the point that some of them at first thought he was a negro or a Mexican, or a white man with some negro blood, and that some said he had a little mustache. Their testimony was corroborated by that of a barber in the county jail detailing treatments he had given appellant before the trial to bleach his face and to alter the cut of his hair and eyebrows. Though appellant testified

that he had never worn a mustache the State produced his identification badge and card from the Bethlehem Shipbuilding Company where he was employed during the time when these attacks were made. This picture showed him with a mustache and another employee of the company testified that he wore a mustache while at work during the period in question.

All these circumstances bring the issue of identification squarely within the rule that the strength or weakness of the identification is a matter for the determination of the jury. (*People* v. *Farrington*, 213 Cal. 459-463 [2 P.2d 814]; *People* v. *Knight*, 44 Cal.App.2d 887, 891 [113 P.2d 226]; *People* v. *Harsch*, 44 Cal.App.2d 572, 575 [112 P.2d 654].

■ As to the claimed error in the refusal to instruct the jury to acquit on count five it is unnecessary to say more than that the question has become moot because the sentence on that count had been served before the appeal was perfected.

■ Appellant complains of the refusal of the trial court to give his proposed cautionary instruction citing *People* v. *Putnam*, 20 Cal.2d 885 [129 P.2d 367], and *People* v. *Trumbo*, 60 Cal.App.2d 681 [141 P.2d 225]. The court instructed the jury as follows: "And while it is true that the law does not require in this character of case that the prosecuting witnesses be necessarily supported by another witness or witnesses, or by corroborating circumstances, still I charge you that the law does require in this class of cases that you examine their testimony with caution." The assignment of error should be confined to the conviction under count six. It can have no application to the convictions for burglary, robbery, or assault with intent to commit rape. The latter must be eliminated because in each instance the witness was fully corroborated, either by the physical evidence showing that an assault had been made or by other witnesses identifying the appellant immediately following the inflicting of physical injuries upon the victim of the assault. In all those instances the physical assault having been proved and corroborated, the intent to commit rape stood proved by the circumstantial evidence of the attack in addition to the direct evidence of the complaining witness. Those cases holding that it was error to refuse to give the cautionary instruction were based upon the reviewing court's analysis of the testimony of the prosecuting witness and the

court's conclusion that it was inherently improbable, or that it might have been motivated by spite or vindictiveness. Where, however, the uncontradicted evidence other than that of the prosecutrix shows that a criminal attack was made in the middle of the night after an unlawful entry into a woman's bedroom and the victim's testimony relating to the assault is corroborated by other circumstances, as in this case, the rule applicable is that stated in *People* v. *Fleming*, 58 Cal.App.2d 37, 47 [136 P.2d 88], reading:

"It further follows that in a case where the reason for the rule, viz., a conviction on the uncorroborated testimony of the prosecutrix is not present, the rule does not apply. As was said in *People* v. *Putnam*, 20 Cal.2d 885, 892 [129 P.2d 367], relied upon by appellant 'The circumstances of the case must determine whether the failure to instruct the jury constitutes prejudicial error.' " Cases in harmony with this statement are cited in *People* v. *Roberts*, 50 Cal.App.2d 558, 568 [123 P.2d 628].

It is significant that the appellant does not attack the sufficiency of the evidence to prove the crimes charged. He states that the "claim that rape had been committed was not disputed because the defense knew nothing to the contrary." No one of the prosecuting witnesses was cross-examined on this issue, nor on the issues of burglary or robbery. ▮ The burden of the defense in the trial court was an attack upon the testimony of those witnesses identifying the appellant as the party committing the crimes. Hence, there was no error in the instruction that the fact that the complaining witnesses made prompt complaint to the authorities could be considered in corroboration of other testimony given by them. This evidence showing that in every instance the witness made immediate complaint and disclosure of the fact that an assault was committed by someone negatives any claim that the charges were motivated by spite or vindictiveness against this appellant, because when the complaints were made no one of the witnesses knew whom to charge. Hence, the "reason for the rule" calling for a cautionary instruction is not present.

▮ Appellant complains of the admission over his objection of the testimony of a police officer detailing his conversation with appellant relating to similar offenses committed elsewhere, or charged to him. The testimony

was stricken on motion of appellant and the jury was instructed to disregard it. Appellant does not attempt to show how the testimony could be deemed prejudicial. The Honolulu affair was a conviction of attempt to commit rape which appellant admitted but sought to excuse because the attack was made upon a "Japanese girl." (The conviction was had on May 21, 1934. The trial in the instant case commenced on October 8, 1943.) The testimony relating to affairs in Long Beach and Omaha, Nebraska, discloses minor offenses. We are unable to discover in what respect the testimony was prejudicial. We may assume from the manner of presentation of the point that the appellant has not been able to show wherein the rulings might be prejudicial. Certainly the incidental references to minor troubles resulting from drunkenness were far less damaging to the defense than appellant's admission that he had theretofore been convicted of assault with intent to commit rape. It is only when the claimed error appears to have been prejudicial that a reversal can be had on that ground. (*People* v. *Jordan*, 24 Cal.App.2d 39, 52 [74 P.2d 519]; *People* v. *Pianezzi*, 42 Cal.App.2d 270, 280 [108 P.2d 685].)

Appellant assigns error in the denial of his motion to quash the indictment and in the order overruling his demurrer. No argument is made as to the latter. His motion to quash was based upon the theory that no legal evidence was taken by the grand jury identifying him with the offenses charged. In this connection he refers to the testimony of the several witnesses who had picked him out at the police line-up as conclusions when they referred to the one who had committed the offenses as "Joseph Finkel." The appellant was not called as an exhibit before the grand jury and he now states that he was within the same building and could have been called so that the witnesses could have pointed to him and so identified him as the offender. What possible advantage this would have served appellant does not appear. There was no question about his name at any stage of the proceedings. If any of the witnesses made a mistake in his identification that is a question going to the weight of the evidence and counsel concedes that the question now raised is in substance the same as his attack upon the credibility of these witnesses. We know of no rule which requires the grand jury to compel one under investigation to appear before it either as a witness or as an "exhibit." In fact,

section 920 of the Penal Code provides that: "The grand jury is not bound to hear evidence for the defendant; . . ." Appellant relies upon *Greenberg* v. *Superior Court*, 19 Cal. 2d 319 [121 P.2d 713] but it does not help him. There an indictment was returned against five persons charging conspiracy to commit grand theft. The Supreme Court said there was "no evidence even remotely supporting the charges made against petitioner." However, in the same opinion it was said (p. 322): "If there is some evidence to support the indictment, the courts will not inquire into its sufficiency (see cases collected in 59 A.L.R. 573), but the lack of any evidence conclusively establishes that the grand jury has exceeded its authority in returning an indictment." Here there was evidence supporting the indictment in all particulars. If appellant would claim that the "Joseph Finkel" referred to by the witnesses is some one other than himself, that claim should have been made in the trial court where it could have been met properly by the evidence.

We find no prejudicial error in the record.

The judgment and order are affirmed.

Goodell, J., and Dooling, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 13, 1945.