[Crim. No. 2709.    First Dist., Div. Two.    Apr. 26, 1951.]

THE PEOPLE, Respondent, v. CHARLES PEEPLES, Appellant.

Alfred J. Hennessy for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J.—The appellant and one Ponzi were charged with the offense of burglary and convicted.  Appellant alone appeals.

Appellant contends that the evidence is insufficient to support the verdict and that the introduction of certain evidence was prejudicially erroneous.

The following is a brief summary of the facts:

The Monarch Pharmacy is situated at 1201 Sutter Street in San Francisco, on the southwest corner of Sutter and Polk. Foster's restaurant is situated diagonally across the street on

the northeast corner. At about 1:45 or 1:50 a. m. of the morning of April 15, 1950, Stanley J. Sheehan was standing in front of Foster's restaurant with a friend when he heard a burglar alarm go off at the drugstore. He saw Special Officer Haley drive up in his car and peer through the front door of the drugstore, and then go around to the side or rear entrance. He then heard and saw glass from the front door of the drugstore fly outward onto the sidewalk, immediately thereafter two men came out the front entrance of the drugstore and ran west up Sutter Street to the corner of Van Ness, where they turned in a southerly direction. The lights of Foster's restaurant were on, as well as various street lights in the immediate vicinity. Witness Sheehan testified that it was fairly light and that he could see the two men. Sheehan described the clothing the men wore, appellant a sport jacket with brown and white checks, Ponzi a light tan overcoat. Officer Haley reappeared at the front of the drugstore and Sheehan and his friend ran across the street and spoke to him. The three then went through an alley to Van Ness. They saw two women in a car. One of the women asked if they were looking for two men who had run up a nearby alley. The three proceeded up the alley. Officer Haley found appellant standing inside a toilet in the back of an apartment building. Ponzi was found lying in the shadow of a brick wall under a ladder in the rear of the apartment house. Both Ponzi and appellant were breathing heavily and perspiring. Sheehan identified the men by their clothing as the two who had come out of the drugstore.

Officer Rothschild testified that appellant, upon being asked by Officer Smith at the police station "why they were in the place when the alarm went off," replied that he did not hear the alarm because he was in the basement and it rang quite softly.

There was much more testimony, and conflicts in the testimony. Since however appellant's main argument appears to be that the evidence is insufficient to support the verdict in that there was a failure of identification, we believe the above references to the evidence to be more than sufficient to support the judgment.

"It is not necessary for a witness to observe the features of a person charged with crime in order to identify him. There may well be other physical characteristics that are sufficient for identification. . . ." (*People* v. *Coley,* 61 Cal.App.2d

810, 813 [143 P.2d 755]; *People* v. *Hawker*, 80 Cal.App.2d 945, 950-951 [183 P.2d 354].)

"The strength or weakness of the identification, the incompatibility of and discrepancies in the testimony, if there were any, and the uncertainties of witnesses in giving their testimony were matters solely for the observation and consideration of the jurors in the first instance, and for the consideration of the trial court on motion for a new trial." (*People* v. *Farrington*, 213 Cal. 459, 463 [2 P.2d 814]; *People* v. *Harsch*, 44 Cal.App.2d 572, 575 [112 P.2d 654].)

■ The finding of the two men off a nearby alley, apparently in hiding, dressed similarly to the two seen by Sheehan to flee from the drugstore, both breathing heavily and perspiring, is sufficient to support the finding of identity by the jury.

■ Over objection that it was hearsay the court permitted testimony that the two women, who did not appear as witnesses and were not more definitely identified, asked Officer Haley and those with him if they were looking for two men and, when answered in the affirmative, one of them said: "They ran up Hemlock Street and I don't believe either one of the two have come out."

The court cautioned the jury: "Ladies and gentlemen of the jury, I'll allow the conversation to be given for the limited purpose, not for the purpose of showing the truth of what these ladies said to these men, but merely for the purpose of showing that a statement was made to them at that time and place."

If it was error to admit this evidence, a question we need not decide, we do not find that under all the circumstances of the case, including the cautionary instruction which accompanied it, any prejudice can have resulted therefrom to appellant.

Judgment and order denying a new trial affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 24, 1951.