[Crim. No. 6741.   First Dist., Div. Three.   Apr. 10, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. SHANNON LORIECE MORRIS, Defendant and Appellant.

Leo M. Cook for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien, Robert R. Granucci and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—Appellant was charged with forcible rape (Pen. Code, § 261, subd. 3); statutory rape (Pen. Code, § 261, subd. 1), and lewd and lascivious conduct (Pen. Code, § 288). The latter charge was dismissed before trial. A jury found him guilty of contributing to the delinquency of a minor, a lesser offense included within the charge of statutory rape. He appeals.

We need not detail the evidence. Appellant's contentions relate purely to questions of law. ■ His contention that the court committed prejudicial error in failing to instruct the jury on the presumption of innocence is well taken, and compels reversal of the judgment.

In instructing the jury, the trial judge did not use the standard jury instructions found in CALJIC. Rather, he formulated his own instructions, and it is apparent from their text, considered as a whole, that he sought to couch them in language more meaningful and familiar to the layman than that used in the form book. The purpose is commendable, but as prior cases show, the peril is great. (See *People* v. *Castro*, 68 Cal.App.2d 491, 497 [157 P.2d 25], and cases cited.)

Appellant requested the court to read CALJIC 21 to the jury. This instruction is an exact quotation of Penal Code, section 1096. It begins by informing the jury of the presumption of innocence that stands in favor of every defendant accused of a crime and states that the effect of the presumption is to require the state to prove guilt beyond reasonable doubt. It then defines reasonable doubt in words long accepted as a proper definition of that term. (*People* v. *Miller*, 171 Cal. 649, 651-652 [154 P. 468]; *Commonwealth* v. *Webster*, 59 Mass. (5 Cush.) 295, 320 [52 Am.Dec. 711].) But the trial judge rejected appellant's request and used his own instruction, elaborating upon the definition of reasonable doubt in terms he believed more comprehensible to the layman than the terms of the statute. Unfortunately, however, the judge at no time told the jury that appellant was presumed innocent until the contrary was proved, or that the burden of proof beyond a reasonable doubt rested upon the People. This, appellant contends, deprived him of a fundamental right. We agree.

Penal Code, section 1096, declares in part that "A defendant in a criminal action is presumed to be innocent until the

850

contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal. . . .'' These significant words express a cardinal rule of Anglo-American criminal jurisprudence. The presumption, intended originally to ameliorate the severity of the early English common law (5 A.L.R.3d 76), serves not to protect the guilty but to prevent conviction of the innocent. (*People* v. *Hill*, 77 Cal.App.2d 287, 293 [175 P.2d 45], and cases cited; Witkin, Cal. Criminal Procedure (1963) § 339, p. 332; 14 Cal. Jur.2d 405.) It has been described as a fundamental right and an essential element of due process of law. (See 22-A C.J.S. 335-337, and cases cited.) It is the capstone in the protective arch of a citizen's rights when accused of crime. Although the right to have the jury instructed on the presumption of innocence is not found in the express language of either the federal Constitution or the Constitution of California (see *Reynolds* v. *United States*, 16 Alaska 502, 238 F.2d 460), it has been a part of our statutory law since statehood. (Stats. 1851, ch. 29, § 365, p. 252.) The recent enactment of our Evidence Code has not diminished its force or effect. (See Evid. Code, § 501.)

The rule is firmly established that a trial court is required to give instructions on general principles of law governing the case before it, even though not requested by the parties. (*People* v. *Wade*, 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116], and cases cited.) In a criminal case such as the one we now consider, the duty to instruct upon general principles of law is all the more obvious, where the defendant himself requests the instruction, as he did here. In *People* v. *Putnam*, 20 Cal.2d 885, 890 [129 P.2d 367], our Supreme Court said that an instruction is necessary ''. . . if it is vital to a proper consideration of the evidence by the jury.'' No instruction could be more vital than the one omitted here, since in every criminal case it directs the jury to put away from their minds all suspicions arising from arrest, indictment, arraignment, and the appearance of the accused before them in his role as a defendant. (See 24 So.Cal. L.R. 496.)

Almost directly in point is *People* v. *Soldavini*, 45 Cal.App. 2d 460 [114 P.2d 415], where the trial court failed to instruct the jury on the presumption as well as burden of proof, although it went on to define reasonable doubt by quoting the accepted definition in Penal Code, section 1096. The court held that the omission constituted prejudicial error. It said: ''There was here a failure to instruct on the essential elements

of the presumption of innocence and the burden of proof. These subjects were not covered in any other instruction given, and for that reason the judgment cannot stand." (*Id.* at p. 463; see also *Putnam, supra,* p. 891; *People* v. *Matthai,* 135 Cal. 442 [67 P. 694].)

██ We have not overlooked the fact that here the trial court did tell the jury that it must be satisfied as to the existence of the material facts "beyond a reasonable doubt" at several places in the instructions, and that the court attempted to inform the jury of the meaning of that phrase. We note also that at one place in its instructions the court cautioned the jury that it was not to be biased against the defendant because he had been arrested and charged. Yet despite these efforts, no direct statement was ever made by the court to the jury to inform them that the defendant as he appeared before them was presumed innocent, or that the prosecution had the burden of proving the contrary. The court's efforts to communicate the meaning of the term "reasonable doubt" to the jury did not overcome this error.

Other points raised by appellant need not be discussed in detail. ██ We may say, however, that we see no error in the court's refusal to admit as evidence certain photographs offered by appellant, nor do we see any abuse of discretion on the part of the trial court in excluding appellant's parents from the courtroom after they testified. They were witnesses and subject to recall for surrebuttal and therefore could be excluded from trial proceedings as an exercise of the court's inherent discretion to control the conduct of the trial.

The judgment is reversed.

Draper, P. J., and Brown (H.C.), J., concurred.