[No. 20941. Department One. — January 21, 1893.]

THE PEOPLE, RESPONDENT, *v.* WILLIAM EDWARD STEWART, APPELLANT.

CRIMINAL LAW — ASSAULT TO COMMIT RAPE — EVIDENCE — TESTIMONY OF PROSECUTRIX. — The testimony of the prosecutrix alone, upon the trial of a defendant charged with an assault with intent to commit rape, may be sufficient of itself to establish a *prima facie* case against the defendant.

ID. — ASSAULT WITH GUILTY INTENT — ABANDONMENT OF INTENTIONS BEFORE CONSUMMATION OF ACT. — Where the conduct of a defendant charged with an assault with intent to commit rape is shown to have been such, at the time of the alleged assault, as to indicate that his mind was bent upon using whatever force upon the female would be necessary to accomplish the consummation of his desires, the evidence is sufficient to support a conviction of the offense, and the fact that he abandoned his intentions before the consummation of the act, by reason of the approach of other parties, or by reason of the pains of a stricken conscience, will not purge him of the legal consequences of his criminal conduct.

ID. — EVIDENCE — PROSTRATION OF MIND OF PROSECUTRIX. — Upon a prosecution of a defendant charged with an assault with intent to commit rape, evidence showing that the prosecutrix remained in an unconscious or semi-conscious state some hours after she escaped from the defendant is admissible.

ID. — IMMEDIATE COMPLAINT BY PROSECUTRIX — STATEMENT AS TO DETAILS — HEARSAY. — The fact that the prosecutrix made immediate complaint is material and competent evidence, though her statements as to the details of the affair should be rejected as hearsay.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*B. F. Howard, W. G. Dyas,* and *John B. Moore,* for Appellant.

*Attorney-General W. H. H. Hart,* and *Edward Swinford,* for Respondent.

GAROUTTE, J. — The appellant was convicted of an assault with intent to commit rape, and now insists that the evidence is insufficient to support the verdict. Like a great majority of this class of cases, the facts here relied upon to support a conviction are largely dependent upon the testimony of the prosecuting witness alone; still, this court has repeatedly held that the testimony of the prosecutrix may be sufficient of itself to establish a *prima facie* case.

The alleged assault occurred in the night-time, while the parties were traveling upon a public highway; and after detailing certain language that appellant addressed to her touching his desires and purposes, the prosecuting witness further testified as follows: " He told me I could scream all I chose to, because there was nobody within three miles from me, and then he stopped the buggy and got out, and took the lines and whip with him, and went around in front of the horse and spent some little time, like he was fastening the lines to the bridge-railing. Then he came back and asked me if I would get out without any trouble, and I told him 'No.' Then he said he would pull me out, and I told him that he would not, either. Then he started to catch hold of me; he did catch hold of me, and I got hold of the buggy, and he pulled my hands loose and pulled me all out, out

of the buggy, but I came down, I believe, on my feet, as near as I could remember, and when I got down on the bridge he threw me and fell with me, and just as he fell with me he heard this team coming, and he jumped up and says, 'Here comes a team; get into this buggy,' and I jumped up and ran for the team that was coming."

We think the foregoing evidence, if bearing the stamp of truth, fills the measure furnished by the statute. If her statement as to the occurrence is true, the assault is entire and complete, and the intent is plainly apparent from the acts of the appellant conjoined with his menacing language. This question as to the sufficiency of the evidence necessary to support a conviction for the offense here charged, and the principles of law applicable thereto, is quite fully discussed in *People* v. *Fleming*, 94 Cal. 308; and it is there held that the conduct of the defendant must be such as to indicate a purpose to use whatever force upon the female is necessary to accomplish his desires. In this case the appellant's conduct indicates that his mind was bent on using whatever force the exigencies of the case demanded, but fortunately for his intended victim, the arrival of third parties upon the scene furnished her an avenue of escape. The fact that he abandoned his wicked purpose upon the approach of other parties has not the slightest tendency to purge him of the legal consequences of his criminal conduct. If an assault with the intent here alleged is made, it is no less a crime, though the aggressor should abandon his intentions before the consummation of the act, by reason of the pains of a stricken conscience alone.

It is insisted that the court erred in admitting evidence showing that the prosecutrix remained in an unconscious or semi-unconscious state some hours after she escaped from the defendant. We see no objection to this evidence. It is a universal rule that evidence of physical injuries upon the person of a female are proper matters to be placed before the jury, and the evidence here disclosed partakes of that character. The fact that

she made immediate complaint was material and competent evidence, and her statements as to the details of the affair were properly rejected as hearsay. (*People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; *People* v. *Tierney*, 67 Cal. 54; *State* v. *Richards*, 33 Iowa, 420; *State* v. *Shet-tlewood*, 18 Minn. 208.)

Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.