[Crim. No. 1484.   Third Appellate District.—March 18, 1936.]

THE PEOPLE, Respondent, v. ALBERT NOVO, Appellant.

.J. Harold McAlpine, Alfred J. Hennessey, Virgil Garibaldi, Carlton D. Dethlefson and A. E. Sheets for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was charged in two separate counts of an information, first, with burglary committed by entering a dwelling house in the nighttime with the intent to commit a felony, to wit, rape, and, second, with an assault upon a female person who was not his wife, by means of force, violence and the use of a deadly weapon, to accomplish sexual intercourse with her. The jury returned a verdict on the first count of burglary of the second degree. On the second count the defendant was found guilty of a simple assault. The defendant's motion for a new trial was denied. Upon application therefor he was granted probation for the period of five years on condition that he serve

one year of imprisonment in the county jail. From the order denying a motion for new trial and from the judgment and order of commitment the defendant has appealed.

██ The appellant contends that the two verdicts which were returned by the jury are in irreconcilable conflict requiring a reversal of the order and judgment for the reason that it is impossible to determine what offenses the jury deemed him to be guilty of. The sufficiency of the evidence is not challenged. There is ample evidence to support both verdicts.

The appellant's assertion is irrefutable that the verdict on the second count finding him guilty of an assault is inconsistent with the verdict returned on the first count which found him guilty of burglary in the second degree for the reason that section 460 of the Penal Code specifically classifies burglary accompanied by *an assault on any person* as burglary of the first degree. That section reads in part:

"Every burglary of an inhabited dwelling-house . . . committed by a person armed with a deadly weapon, or who . . . while in the commission of such burglary *assaults any person,* is burglary of the first degree.

"2. All other kinds of burglary are of the second degree."

Having found that the defendant was guilty of burglary of the second degree, the necessary inference is that the jury must have assumed he made no assault. This verdict, in effect, constituted an acquittal of the first degree of burglary and the charge of an assault included therein. This determination that there was no actual assault is in irreconcilable conflict with the verdict on the second count to the effect that he was guilty of an assault, for both counts of the information were based on the same transaction which occurred at the same time and place. Since both counts are based on the same transaction and the finding of the jury on the first count refutes the possibility of the commission of the offense by means of an assault, the verdict on the second count is void and should be set aside. (*People* v. *Andursky,* 75 Cal. App. 16 [241 Pac. 591]; 80 A. L. R. 171, note.)

██ The verdict finding the defendant guilty of burglary of the second degree is amply supported by the record and is valid in spite of the fact that the verdict on the second count is void because it conflicts with the finding of burglary of the second degree regarding the element of an assault. In

the first count the defendant was merely charged with burglary. Section 459 of the Penal Code declares that:

"Every person who enters any house . . . *with intent* to commit grand or petit larceny or any felony is guilty of burglary."

To constitute the crime of burglary all that was necessary for the prosecution to prove was that the defendant entered the dwelling house with the intention of committing rape as charged. So far as the crime of burglary of the second degree is concerned, it is immaterial whether he actually committed an assault or not. (*People* v. *Barry*, 94 Cal. 481 [29 Pac. 1026]; 4 Cal. Jur., p. 719, sec. 4.) If he actually entered the house with the intention of committing the felony with which he was charged he is guilty of burglary even though he abandoned that unlawful purpose one moment after his entry and in spite of his failure to accomplish his object. Burglary of the second degree does not necessarily contain the element of an actual assault. The verdict of an assault which was rendered on the second count is therefore not inconsistent with the validity of the verdict of burglary of the second degree. So far as the verdict of burglary of the second degree is concerned it does not matter whether the defendant actually committed an assault or not. The evidence is ample to prove that he entered the building for that purpose. The verdict of burglary of the second degree which was rendered on the first count is therefore valid and may not be disturbed on this appeal.

It is true that the evidence indicates that the defendant entered the bedroom of the prosecutrix in the nighttime armed with a revolver, a flashlight and a bottle of chloroform to aid him in the commission of his crime. The record contains substantial evidence that he actually used force in attempting to perpetrate the offense of an assault and that he was thwarted in his purpose by the strenuous resistance of the two women who occupied the room. These facts indicate that he was really guilty of burglary of the first degree. Since the verdict on that issue is more favorable to the defendant than he is entitled to receive he may not complain of the judgment on that account. (*People* v. *Dong Pok Yip*, 164 Cal. 143 [127 Pac. 1031]; 17 C. J. 361, sec. 3732.) Evidence which supports a verdict of burglary of the first degree will also be deemed adequate to support a verdict of bur-

glary of the second degree. (*People* v. *Maroney,* 109 Cal. 277 [41 Pac. 1097] ; *People* v. *Latourel,* 118 Cal. App. 386 [5 Pac. (2d) 456] ; 4 Cal. Jur. 725, sec. 10.)

The judgment and the order are reversed with respect to the second count, being those portions which apply to the conviction of an assault. In all other respects the judgment and the order are affirmed.

Pullen, P. J., and Tuttle, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 2, 1936, and the following opinion then rendered thereon:

THE COURT.—On petition for rehearing we are satisfied the opinion which was filed correctly states the law. Paradoxical as it may seem, the fact that the verdict in the first count is inconsistent with that which was rendered on the second count on the mere element of an alleged assault which was involved in both counts does not render the verdict on the first count void for the reason that the crime of burglary with which the appellant was charged in the first count is complete, regardless of whether or not he committed an assault. The only inconsistent feature of the verdicts which were rendered is that the jury first found that he did not commit an assault, and in the second count they found that he did commit a simple assault. The first verdict nullifies the second one, for, in effect, it is an acquittal of the charge of assault. The fact that the second verdict is void conflicts in no way with the validity of the first verdict for it may stand regardless of whether an assault was or was not committed. By the first verdict the jury merely found that the defendant entered the building *with intent* to commit rape. We are therefore of the opinion the verdict on the first count should stand.

The petition for a rehearing is denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1936.