[Crim. No. 3809.   Second Dist., Div. Two.   Nov. 22, 1944.]

THE PEOPLE, Respondent, v. HARRY C. T. RANKINS, Appellant.

Walter L. Gordon, Jr., for Appellant.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of (1) statutory rape and (2) incest. This appeal is from the judgments.

The prosecution (respondent) introduced evidence tending to prove the following facts: That at noon on or about February 28, 1943, defendant had sexual intercourse with the prosecuting witness, his daughter, who was 16 years of age. At the conclusion of the trial defendant requested the court to instruct the jury as follows:

(1) "The charges of rape and incest are of a most serious nature and is such as may create a strong prejudice against the person charged. Such an accusation is said to be hard to prove and often harder to disprove or to defend against.

"It is the duty of every one of your jurors to exercise the utmost care and caution in examining the evidence and weighing the same in order that no injustice may be done to the Defendant on the one side, or the People of the State of California on the other. The case is of such a nature that there may be easily aroused either sympathy or prejudice.

"You should be very careful not to be moved by either sympathy or prejudice. You should consider all the evidence in a calm and judicial way, bearing in mind your oath taken at the beginning of this trial to return a verdict, according to the evidence."

(2) "You are instructed to view the testimony of the prosecutrix with caution, especially when her testimony is uncorroborated since in this class of cases, the accused is almost defenseless and ample opportunity exists for the free play of malice and private vengeance."

Defendant relies for reversal of the judgments, among others, on the following proposition:

*It was prejudicial error for the trial court not to give a "cautionary instruction" as requested by defendant.*

This proposition is tenable and is governed by the following rules:

■ (1) In prosecutions for sex offenses it is error for the trial court not to give a cautionary instruction to the effect that such charges are "easily made and difficult to disprove," and that "the testimony of the prosecuting witness. should be examined with caution." (*People* v. *Putnam*, 20 Cal.2d 885, 888-889 [129 P.2d 367]; *People* v. *Williams*, 55 Cal.App.2d 696, 700 [131 P.2d 851].)

■ (2) The refusal to give a cautionary instruction is *prejudicial error* where as in the instant case the (a) testimony of the prosecuting witness is uncorroborated, (b) evidence is sharply conflicting, and (c) appellate court cannot say that if the instruction had been given the jury would have reached the same verdict. (*People* v. *Long*, 63 Cal.App.2d 679 [147 P.2d 659]; also *People* v. *Dail*, 22 Cal.2d 642, 650 [140 P.2d 828]; *People* v. *Silver*, 16 Cal.2d 714, 723 [108 P.2d 4].)

Applying the foregoing rules to the facts of the instant case, we are of the opinion that the failure to give a "cautionary instruction" constituted prejudicial error. There is a direct conflict between the uncorroborated testimony of the prosecuting witness and the testimony of defendant. This conflict coupled with the conceded facts that:

(1) The prosecuting witness testified that on the morning of February 28, 1943, defendant entered her bedroom and said, "Let's get some loving," to which remark she testified she said, "Well, I said plenty." The district attorney then asked her, "Now, did you just say now that, 'he said plenty' or 'I said plenty' or 'I feel funny' "? In answer to the latter question she said, "I said 'I feel funny' ";

(2) The prosecuting witness testified that she had had sexual intercourse with the defendant since she was 11 years old but when questioned on several occasions regarding the matter she had denied ever having had intercourse with defendant;

(3) Defendant had punished the prosecuting witness, previous to the time she complained of his act, because she had loaned some of his records to relatives;

(4) The prosecutrix was tired of defendant punishing her for going out with boy friends;

(5) Dr. Etta Grey's testimony after making a pelvic examination of the complaining witness that she found a ruptured and relaxed hymen, which rupture was not a recent

one, and that the complaining witness was suffering from gonorrhea;

(6) A pharmacist, Joseph M. Kallejian, testified that on February 28, 1943, defendant was employed at his drugstore from the hours of 9 a.m. until around 2 p.m. Clarence Lacefield and Jefferson Russell gave testimony to the same effect; and

(7) Defendant's unequivocal denial that he ever had sexual intercourse with the complaining witness, and was not at home from eight in the morning until two in the afternoon on February 28, 1943; leads us to the opinion that it is probable that had a proper cautionary instruction been given the jury would have reached a different verdict.

This and other courts on previous occasions have called attention to the pronouncement of Lord Chief Justice Hale relative to the crime of rape which applies with equal force to the crime of incest.* It is as follows:

"It must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent; [and we should] be the more cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance; the heinousness of the offense many times transporting the judge and jury with so much indignation that they are over hastily carried to the conviction of the person accused thereof by the confident testimony sometimes of malicious and false witnesses." (L. Hale P.C. [1847] 635, 636.)

For the foregoing reasons the judgments are and each is reversed and a new trial is ordered.

Moore, P. J., and Wood (W. J.), J., concurred.

---

*People v. Benson (1856), 6 Cal. 221, 223 [65 Am.Dec. 506]; People v. Asavis (1937), 22 Cal.App.2d 492, 497 [71 P.2d 307]; People v. Huston (1941), 45 Cal.App.2d 596, 597 [114 P.2d 607]. See, also, People v. Lucas (1940), 16 Cal.2d 178, 182 [105 P.2d 102, 130 A.L.R. 1485].