[Crim. No. 2361. First Dist., Div. Two. Oct. 4, 1945.]

THE PEOPLE, Respondent, v. WILLIAM HARSHAW, Appellant.

Edward M. Fellows and Robert E. Hayes for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener and Miriam E. Wolff, Deputies Attorney General, for Respondent.

DOOLING, J. pro tem.—Defendant appeals from a judgment of conviction of assault with intent to commit rape. The case was tried without a jury and the sole attack on the judgment is that it is not supported by the evidence.

 In support of the judgment we must assume that the trial court believed the evidence most favorable to the judgment rendered and drew any reasonable inferences from that evidence which would support the court's finding of defendant's guilt. (*People* v. *Perkins*, 8 Cal.2d 502, 510-511 [66 P.2d 631]; *People* v. *Green*, 13 Cal.2d 37, 42 [87 P.2d 821].)

 Defendant (a petty officer in the Navy) first saw the complaining witness (an unmarried woman twenty years of age) on a street corner in San Jose at about 11 p. m. on January 5, 1945. She was waiting for a bus to take her to her home and was standing in front of a jewelry store window. The defendant approached her and asked her about a ring on display, whether it was an engagement ring or a marriage ring, and she replied that it was an engagement ring. According to the complaining witness nothing further was said at that time. She boarded her bus and defendant followed her. She sat near the front of the bus and defendant stood in the rear. She testified that she did not see him on the bus at any time. When she left the bus near her home defendant also alighted but she did not observe that fact. She walked toward her home in the middle of the street. After she had proceeded some distance she observed the defendant on the sidewalk. She continued to walk in the middle of the street and he walked in the same direction on the sidewalk. The defendant asked her where 1313 was and she approached him and answered that she did not know. She continued to walk in the middle of the street until she neared her home when she crossed over to the sidewalk. She then noticed that the defendant was running toward her. She screamed and the defendant put one arm around her body and the other hand over her mouth. She continued to scream and the defendant told her that if she didn't stop screaming he would cut her throat. Her screams attracted a neighbor who came out onto his front porch and the defendant fled. The defendant was seen by other witnesses shortly afterward running across a street toward them. He asked them if a car standing there was a taxicab and when they answered in the negative he proceeded on his way. He was picked up by a police "prowl car" which had been advised by radio to be on the lookout for him and which he mistook for a taxicab.

The next morning a witness found a knife, admittedly the defendant's, at about the place of the assault with the large blade open. After the assault Lieutenant Baile of the Navy and Police Captain Blackmore questioned the defendant. He admitted to them that he was looking that evening for a woman with whom to engage in sexual intercourse, that he followed the complaining witness with that idea in mind and when he grabbed her he intended to get what he wanted that way. Captain Blackmore testified that he asked the defendant if when he seized the complaining witness he intended

to rape her and the defendant answered: "Yes." Lieutenant Baile's recollection of the question was that Captain Blackmore did not use the word "rape," but a vulgarism meaning sexual intercourse.

We are satisfied of the sufficiency of the evidence to support the conviction. If Captain Blackmore's testimony was believed, as we must assume in support of the judgment, the intent with which the assault was committed was clearly established. ▮ The corpus delicti need only be proved prima facie or by slight evidence to lay the foundation for the introduction of evidence of a confession. (*People* v. *Bollinger,* 196 Cal. 191, 200 [237 P. 25] ; *People* v. *Kaye,* 43 Cal. App.2d 802, 809 [111 P.2d 679] ; 8 Cal.Jur. 235.) It may be conceded, although we expressly refrain from so holding, that without the confession the other evidence would not be sufficient in law to establish the intent to commit rape beyond a reasonable doubt. ▮ The confession, considered with the other evidence, was sufficient for that purpose and that is all that the law requires. (*People* v. *Selby,* 198 Cal. 426, 439 [245 P. 426].)

The cases cited by appellant are all cases where the intent had to be spelled out of the defendant's conduct and the courts held that the evidence proved no more than an intent to gratify the defendant's sexual craving by persuasion rather than by force. They are not applicable to this case where credible testimony supports the finding that the defendant admitted the specific intent to commit rape. ▮ The fact that defendant desisted when a neighbor approached is immaterial. The crime is complete if at any moment during the assault the defendant intends to have carnal knowledge of the victim and to use for that purpose whatever force may be required. (*People* v. *Stewart,* 97 Cal. 238, 240 [32 P. 8] ; *People* v. *Jones,* 112 Cal.App. 68, 75 [296 P. 317].)

▮ Complaint is also made of the court's refusal to grant probation. The judge decided that he had no power to grant probation after finding that the defendant "used or attempted to use a deadly weapon in connection with the perpetration of the crime." (Pen. Code, § 1203.) The question was one of fact for the court and the court's conclusion is supported by the threat of defendant to cut the complaining witness' throat and the finding of his open knife at the scene of the crime.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.