[Crim. No. 4071. Second Dist., Div. Three. Apr. 18, 1947.]

THE PEOPLE, Respondent, v. WILLIAM LUTES, Appellant.

Franklin B. MacCarthy for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

WOOD, J.—Defendants Lutes and Childs were convicted of the crime of assault with intent to commit rape. Trial by jury was waived. No judgment was entered, the proceedings having been suspended and probation having been granted. Defendant Lutes appeals from the order denying his motion for a new trial.

Appellant contends that the evidence is insufficient to sustain the conviction.

Pursuant to stipulation the case was submitted on the transcript of the preliminary hearing and the testimony introduced on behalf of defendants. The defendants did not testify at the preliminary hearing or at the trial.

The prosecutrix testified in substance that on February 28, 1946, about 8 p. m., the defendants came into the driveway at her home in a coupe automobile; that the horn of the automobile was sounded, and she went out to the automobile; that she knew the defendants, and had been out socially with each of them; that appellant asked her if she would go for a ride, and she said no—that she had some work to do; that Childs then said something to appellant about the front tire having a leak; that appellant got out of the automobile, looked at the tire and then grabbed the witness and started shoving her into the automobile; that Childs took hold of her arm and pulled her into the automobile; that appellant then got into the automobile and started backing out the driveway;

that the prosecutrix was sitting between them and they were holding her hands, and she shouted to her mother and tried to "jam" the gearshift with her feet; that after they had proceeded down the street "about 9 houses," the prosecutrix succeeded in getting the keys out of the ignition lock, and tried to throw them out the window but was unable to do so; that appellant took the keys from her and they proceeded down the street; that she again succeeded in getting the keys, and Childs took them from her; that while Childs was trying to put them back into the lock she opened the door, but Childs pulled it shut; that appellant drove beyond Sunland and an area known as the Tujunga Wash, then stopped the automobile and Childs got out; that she and appellant were alone in the automobile two or three minutes, during which time they talked about appellant's girl friend, and appellant made no improper suggestions or advances at that time; that Childs reentered the automobile, and appellant turned it around and drove back to Sunland where the three of them went into a beer parlor and each drank a glass of beer; that they then reentered the automobile and, with Childs driving, returned to the Tujunga Wash where Childs stopped the automobile and said, "Do we have to fight for it, or do we take it away?" and "Are we going to take you down, or are you going to turn it over?"; that she was so frightened she could hardly talk, and she nodded her head "no"; that appellant then grabbed her arm and held it behind her while Childs took off her slacks; that her shoes and underpants came off with her slacks which left the lower portion of her body nude; that Childs then left the automobile, and appellant asked her if she "was going to do it," and she said "no"; that he tried to talk her into it; that he tried to get her against the corner of the automobile, and he took "his privates out of his pants"; that while they were struggling she took hold of his shirt and heard it rip; that appellant got "mad" and hit her on the jaw; that she tried to get away, and reached for the steering wheel to pull herself up but she could not reach it; that appellant proceeded to and did get on top of her; that she tried to reason with him; that she told him he wasn't much of a man to bring someone else along to help him do his dirty work, and "shortly" after that he got out of the automobile; that the witness then "reached in back" where Childs had thrown her clothes and got them; that she put them on, and then Childs entered the automobile and she

had a struggle with him, during which he threatened to kill her, struck her with his fist and hit her head against the window, then gave up the struggle and called the appellant; that appellant reentered the automobile and they drove her home; and that during these struggles she received bruises on her right hip and on both shoulders.

A deputy sheriff testified that he had a conversation with appellant on March 2, 1946, during which appellant told him that there was a struggle and considerable force was used in getting the prosecutrix into the automobile; that she was pulled and pushed into the automobile; that later there was a struggle over the keys; that appellant said he had his penis out when he was on top of the prosecutrix and it was on her bare legs; that after a short period of struggling with prosecutrix he left the automobile and told Childs that he "couldn't do any good."

The assault being proven, the intent with which it was committed becomes the vital element in ascertaining the nature of the offense. (*People* v. *Bowman*, 6 Cal.App. 749, 751 [93 P. 198].) It is asserted on behalf of appellant that he had no intention of committing rape, and it is argued in his behalf that the fact that he had the physical power, ability and opportunity to have committed the act and voluntarily gave up the quest without outside interference or fear of interruption is evidence that he had no such intention. The fact that appellant desisted is immaterial. The crime is complete if at any moment during the assault the defendant intends to have carnal knowledge of the victim and to use for that purpose whatever force may be required. (*People* v. *Harshaw*, 71 Cal.App.2d 146, 149 [161 P.2d 978]; *People* v. *Stewart*, 97 Cal. 238, 240 [32 P. 8]; *People* v. *Jones*, 112 Cal.App. 68, 75 [296 P. 317].) Whether or not such intention existed must be determined from all the circumstances and the acts of the defendant, and is a question for the trial court.

The evidence is sufficient to support the trial court's finding that appellant was guilty as charged. She was taken forcibly from her home, after dark, driven to a remote spot where it was unlikely he would be interrupted or any outcries would be heard. It is apparent from his conduct that he intended to have carnal knowledge of the prosecutrix and to use whatever force was required to do so. The mere fact that appellant changed his mind before he accomplished his

purpose has no bearing on the case. It was stated in *People v. Stewart,* 97 Cal. 238 [32 P. 8], which involved the same crime as that charged herein, that (p. 240): "If an assault with the intent here alleged is made, it is no less a crime, though the aggressor should abandon his intentions before the consummation of the act, by reason of the pains of a stricken conscience alone." In the present case every act and circumstance surrounding the assault is inconsistent with any inference other than an intent on the part of appellant to use such force as might be necessary to accomplish his purpose.

Appellant does not rely upon any error of law during the course of the trial.

The order denying appellant's motion for a new trial is affirmed.

Shinn, Acting P. J., and Kincaid, J. pro tem., concurred.