[Crim. No. 4114. Second Dist., Div. Two. Oct. 15, 1947.]

THE PEOPLE, Respondent, v. RAY C. MOORE et al., Appellants.

C. Ransom Samuelson, Shibley, Wanzer & Litwin and George E. Shibley for Appellants.

Fred N. Howser, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

McCOMB, J.—From verdicts of guilty on two counts of forcible rape after trial before a jury defendants appeal. There is also an appeal from an order denying their motions for a new trial.

The evidence being viewed in the light most favorable to the People (respondent) and pursuant to the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 265 [108 P.2d 732], the essential facts are:

At about 8:30 p. m. on September 12, 1946, the prosecuting witness, a widow 56 years of age, left her home in Long Beach in company with her nephew and walked several blocks to the ocean front. She had been having some trouble with her feet and had been making it a practice to wade in the ocean a little while every evening. Upon reaching the ocean the prosecutrix and her nephew removed their shoes and waded in the surf for approximately eight minutes, at which time they observed the two defendants, who were Negroes in Navy uniforms, standing on the sand, laughing at them. The prosecutrix and her nephew walked through the water toward a near-by amusement pier and defendants followed them. The prosecutrix and her nephew then turned back in the direction from which they had come and were again followed by defendants. At one point defendants walked into the water while wearing their shoes. The prosecutrix said to them, "What's the big idea of coming out in the water

and getting all wet?" To this query defendants made no reply, whereupon the prosecutrix said, "You boys are in the service, aren't you?" to which they said "Yes." The complaining witness continued to talk with defendants, telling them that she was a mother and that she had boys in the military service and told them to be sure and write to their mothers, since she had been very much worried when she did not receive letters from her boys.

As the four walked along the beach defendant Daniels fell behind the others and struck the prosecutrix's nephew, Mr. Heathcote in the back. The other defendant struck him in the stomach and Mr. Heathcote fell to the sand. Defendant Daniels then grabbed the prosecutrix, put his hand over her mouth, and forced her down into the sand, saying that if she would keep quiet and would not holler he wouldn't hurt her. While she resisted and was in fear, he tore buttons from her dress and performed an act of sexual intercourse with her. During this period defendant Moore had beaten Mr. Heathcote into insensibility. Defendant Daniels then told the prosecutrix to continue to lie on the sand and that if she did not he would choke her, whereupon defendant Moore came over and commenced an act of sexual intercourse with the prosecutrix, telling her that he would "bash" her head in if she did not acquiesce in his demands. During the act a police siren was heard and both defendants left the scene of the crime, defendant Moore telling his victim not to holler or that they would come back and "take care of you."

Later defendants were arrested and voluntarily confessed to investigating officers that they had committed the crimes above described.

### CONTENTIONS OF DEFENDANTS

■ First: *There is no substantial evidence to support the judgments of guilty for the reason that the evidence is inherently improbable.*

This proposition is totally devoid of merit. In addition to the direct testimony of the prosecutrix in support of every material fact set forth above, defendants voluntarily confessed that they had perpetrated the crimes of which they have been convicted.

Inconsistencies and discrepancies in the testimony, if any, in the first instance are matters solely for the consideration of the trier of fact, and in the second place for the consideration of the trial judge on a motion for a new trial. The argument which counsel has addressed to this court on the subject was a proper argument to present to the trial jury but cannot be considered by us since there is substantial evidence to which attention has herein been directed to support the findings of the jury.

*People* v. *Headlee,* 18 Cal.2d 266 [115 P.2d 427], *People* v. *Casillas,* 60 Cal.App.2d 785 [141 P.2d 768], *People* v. *Bales,* 74 Cal.App.2d 732 [169 P.2d 262], relied on by defendants, are each factually distinguishable from the instant case. In each of the cited cases the court held that the evidence relied upon by the prosecution was so improbable as to be incredible and therefore the evidence did not support the judgments of conviction. In the present case it is patent in view of the prosecutrix's testimony, supported by the voluntary confessions of defendants, that the evidence is not inherently improbable and therefore it supports the verdicts of the jury.

■ Second: *The verdicts were the result of passion and prejudice upon the part of the jury.*

In support of this contention defendants urge that the prosecutrix was a white woman 56 years of age; that defendants were Negroes and had administered a beating to her nephew, and that on several occasions evidence was introduced showing that the prosecutrix had three grown sons and a nephew in the military service. These facts were all undisputed and we fail to find any support in them for the contention that the jury returned its verdicts as a result of bias and prejudice.

■ Third: *The trial court committed prejudicial error in the admission of hearsay testimony.*

This proposition is without merit. During the examination of Mr. Heathcote he testified as follows:

"Well, my aunt was—she had a premonition that something— . . . Well, my aunt said she was afraid there would be some trouble. . . . My aunt said that we could get down by the amusement zone and possibly somebody might hear us. . . . Then my aunt said to me that maybe if she had a conversation with them about their mothers that we might eliminate any trouble we might have."

Clearly, such testimony was objectionable on the ground that it was hearsay evidence. However, this objection was not made at the time of the trial and it may not be urged for the first time on appeal. It is the general rule that an objection to the introduction of evidence on the ground that it is hearsay evidence is waived and will not be considered on appeal if such objection is not urged in the trial court. (*People* v. *Conterno,* 51 Cal.App.2d 167, 169 [124 P.2d 610, 611]; *People* v. *Brazil,* 53 Cal.App.2d 596, 601 [128 P.2d 204].)

■ Fourth: *The trial court committed prejudicial error in permitting rebuttal testimony tending to impeach the statements of defendants while testifying on their own behalf.*

This proposition is devoid of merit. During the prosecution's case in chief they presented in evidence confessions of defendants through the testimony of Officer Dyer. After the People had rested, defendants took the witness stand in their own behalf and denied that they had made any confessions. Upon rebuttal the People presented the testimony of Inspector Harrison, in which he impeached the testimony of defendants that they did not make voluntary confessions, and he corroborated the previous testimony of Officer Dyer. This testimony of Inspector Harrison was properly admissible under the rule that where the People introduce evidence of a defendant's confession as part of their case in chief, additional evidence of a defendant's confession may be given in rebuttal of the defendant's denial that he had made a confession. (*People* v. *Gerbel,* 71 Cal.App.2d 325, 332 [162 P.2d 946].)

*People* v. *Gerbel, supra,* points out that *People* v. *Rodriguez,* 58 Cal.App.2d 415, 419 [136 P.2d 626], is not applicable to facts such as we have in the present case. In *People* v. *Rodriguez* the People had not introduced defendant's confession as a part of their case in chief. Therefore, it was error to admit the confession on rebuttal. In *People* v. *Gerbel, supra,* and in the present case, the confessions were introduced in the case in chief, therefore making inapplicable the rule as announced in *People* v. *Rodriguez.*

■ Fifth: *The deputy district attorney committed prejudicial error in holding in front of the jury a police report and having the witness certify that such report was a correct statement of the facts in the case.*

This proposition is untenable for the reason that defendants failed to make any objection to the procedure followed by the deputy district attorney at the time of the trial. Hence they have waived any objection to his conduct and may not urge such conduct as error before an appellate court.

The record is free from error and the judgments find substantial support in the evidence. Therefore, the judgments and orders denying the motions for a new trial are each affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied October 24, 1947, and appellants' petition for a hearing by the Supreme Court was denied November 13, 1947.