[Crim. No. 5253. In Bank. Nov. 13, 1951.]

THE PEOPLE, Respondent, v. FREDERICK LEO NYE, Appellant.

Gladys Towles Root and Herbert Grossman for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Defendant appeals from a judgment entered on a jury verdict finding him guilty on two counts of assault with intent to commit rape and from the order denying his motion for a new trial. The sentences for the two offenses run concurrently.

The conviction on the first count is for an assault with intent to commit rape on Miss W. on May 7, 1950, in Burbank. Defendant entered Miss W.'s house-trailer early in the morning. When she awakened and asked what he wanted, defendant tore off the bed covers and ripped her nightgown down to her knees. He grasped her throat and threatened to kill her if she screamed. He exposed his genital organs, got on the bed on top of Miss W. and attempted to accomplish sexual intercourse despite her resistance. In the course of the attack Miss W.'s alarm clock rang, and as defendant reached to turn it off he released his grasp of her throat. He then left, after threatening Miss W. with death if she reported the attack. Defendant does not contend that the evidence was insufficient to support his conviction on this count.

The conviction on the second count was for an assault with intent to commit rape on Mrs. P., on May 27, 1950 in a motel in Burbank. Defendant entered Mrs. P.'s bedroom early in the morning. She awakened as he was closing the door. When

she asked what he wanted, he came to her bed, placed his hand over her mouth and grasped her wrist. She screamed and kicked, and when she bit his hand he fled from the room. He did not expose himself or get on the bed with her and made no attempt to take any property.

Miss W. and Mrs. P. identified defendant as their assailant. Two police officers testified that defendant had admitted that he attacked the two women and that his purpose in entering the motel was to have sexual intercourse with Mrs. P. Miss F., a resident of the motel, testified that on May 27th, the day of the assault on Mrs. P., defendant opened the door to Miss F.'s room about 7:30 in the morning, looked in, and closed the door. Miss F. also testified that on May 7th, the day of the assault on Miss W., defendant entered Miss F.'s room, stood by the bed, and left when he saw that she had awakened.

Defendant denied having seen either of the prosecuting witnesses before the trial and introduced evidence of an alibi. The jury rejected his defense and found him guilty on both counts.

Defendant contends that testimony regarding his admission that he intended to have sexual intercourse with Mrs. P. was improperly admitted, on the ground that the People did not first establish that the crime had been committed, and that, even with his admission, the evidence is insufficient to support the conviction on that count.

The crime of assault with intent to commit rape was committed, if defendant intended to have sexual intercourse with his victim and to use force to overcome her resistance. (*People* v. *Lutes,* 79 Cal.App.2d 233 [179 P.2d 815]; *People* v. *Harshaw,* 71 Cal.App.2d 146, 149 [161 P.2d 978].) Defendant concedes that an assault on Mrs. P. was shown by the evidence, but contends that his conduct, standing alone, does not show the intent with which he made the assault.

When a strange man enters a woman's bedroom, covers her mouth with his hand, grasps her wrist while she screams and kicks, releases her when she bites his hand, and makes no effort to take any property, it is reasonable to infer that he intended to commit rape, particularly when such an intent is shown by his attempt to rape another woman under similar circumstances. The evidence of the attempt to rape Miss W. was clearly admissible to show that defendant's acts against Mrs. P. were committed with the intent to commit rape. "In such cases, former acts of the same kind are relevant to negative the intent as being of any other kind than to

commit rape. Where the charge is of assault with intent, the propriety of such evidence cannot be doubted.'' (2 Wigmore, Evidence, 3d ed., § 357; *People* v. *Westek,* 31 Cal.2d 469, 480 [190 P.2d 9]; *People* v. *Coltrin,* 5 Cal.2d 649 [55 P.2d 1161]; see *People* v. *Clapp,* 67 Cal.App.2d 197 [153 P.2d 758]; *People* v. *Cosby,* 137 Cal.App. 332 [31 P.2d 218]; 1 Wharton, Evidence in Criminal Cases, § 252, 167 A.L.R. 565, 600.)

■ Defendant contends that the admission that ''he intended to have sexual intercourse'' with Mrs. P. went no farther than to show that he intended peacefully to solicit sexual relations. In the light of the evidence of the force used and the fact that defendant had never seen Mrs. P. before, the jury could reasonably reject that interpretation of his admission. With the evidence of the admission properly before the jury, any doubts as to the sufficiency of the evidence to support the conviction for assault with intent to commit rape are resolved. (See *People* v. *Meichtry,* 37 Cal.2d 385 [231 P.2d 847]; *People* v. *Bradley,* 71 Cal.App.2d 114 [162 P.2d 38]; *People* v. *Finkel,* 70 Cal.App.2d 508 [161 P.2d 298]; *People* v. *Cosby,* 137 Cal.App. 332 [31 P.2d 218].)

The present case is clearly distinguishable from the principal case relied on by defendant, *People* v. *Fleming,* 94 Cal. 308 [29 P. 647]. There, the prosecutrix was a servant girl employed by the defendant. He entered her bedroom late at night and, after promises, persuasions, and arguments, left her room. The court properly stated: ''It can hardly be said that the defendant used force to any degree, and from all circumstances of the affair, it would appear that physical violence was not an element in his mind in attempting to carry out his intentions. There was no duress upon the part of the prosecutrix, no fear of personal violence, for there were no threats of violence.'' (94 Cal. at 312.) Similarly, in *People* v. *Mullen,* 45 Cal.App.2d 297 [114 P.2d 11], the defendant ardently forced unwelcome attentions on the prosecutrix, but did not threaten violence, and ceased his efforts and allowed the girl to walk away after she resisted him. In neither the Fleming nor the Mullen case did the prosecution offer evidence of other similar conduct that showed defendant's intent to commit rape.

Defendant next contends that the court improperly admitted rebuttal testimony over his objections. In the prosecution's case in chief, Officer Brennan testified regarding defendant's admissions. The two prosecuting witnesses testified regarding defendant's conduct in their bedrooms. Defendant then testified in his own behalf and offered evidence of an

alibi, claiming that he had never seen the two women before the preliminary examination. He admitted that he had been arrested by Officers Brennan and Loranger, but denied making any admissions.

On rebuttal, Officer Loranger testified regarding defendant's admissions and Miss F. testified that the defendant had entered her bedroom on May 7th and May 27th, the dates of the two assaults.

Defendant relies on *People* v. *Rodriguez,* 58 Cal.App.2d 415 [136 P.2d 626], where the People withheld the confession during the case in chief, and offered it for the first time in rebuttal without proof that it was voluntarily made. ■ In the present case, the People did not withhold a material part of the case until rebuttal, but offered rebuttal testimony to support their case in chief after it had been controverted by the defendant. The evidence was properly admitted. (Pen. Code, § 1093; *People* v. *Moore,* 81 Cal.App.2d 799 [185 P.2d 32]; *People* v. *Gerbel,* 71 Cal.App.2d 325 [162 P.2d 946]; see *People* v. *Avery,* 35 Cal.2d 487, 491 [218 P.2d 527]; 8 Cal.Jur. 236.)

Defendant was charged in Count II of the information with the crime of attempted rape on Mrs. P. and in Count IV with the crime of assault with intent to commit rape on her. After evidence was introduced and defendant was in jeopardy, the court dismissed Count II on motion of the district attorney. Defendant was convicted on Count IV. He now contends that the dismissal of Count II was tantamount to an acquittal on Count IV, on the ground that an assault with intent to commit rape is simply an attempt to commit rape. ■ An indictment or information may charge "different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts" and a verdict of acquittal on one count is not an acquittal on any other count. (Pen. Code, § 954.) Thus, whether or not Counts II and IV charged different statements of the same offense or two offenses of the same class of offenses, the dismissal of Count II was not tantamount to an acquittal on Count IV. (*People* v. *Codina,* 30 Cal.2d 356, 360 [181 P.2d 881].)

Defendant contends finally that the trial court erred in not giving a cautionary instruction to the effect that since charges of sex offenses are easy to make and difficult to disprove, the testimony of the prosecuting witnesses should be examined with caution.

█ Even if a cautionary instruction is not requested by the defendant, it is incumbent upon the court in cases such as this to give such an instruction on its own motion whether the alleged victim is a child or a mature person. (*People* v. *Putnam,* 20 Cal.2d 885, 890 [129 P.2d 367] ; *People* v. *Lucas,* 16 Cal.2d 178 [105 P.2d 102, 130 A.L.R. 1485].) Rape is "an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent." (Sir Matthew Hale, 1 Pleas of the Crown, 634.)

█ A conviction is permitted on the uncorroborated testimony of the prosecuting witness. Although protection of the public makes it necessary to allow convictions on such testimony, since the offense is usually committed in secret, the usual defense can only be a denial that the offense was committed by the defendant or in the case of forcible rape that the prosecuting witness voluntarily consented to the sexual act. Whether the prosecuting witness is a child or a mature person, the verdict will usually turn on whether the jury believes the defendant's or the victim's version of the occurrence, and there is the same danger of misinterpreting the defendant's acts as well as the danger of spite, blackmail, vindictiveness, private vengeance, neurotic fabrication or fanciful imagination.

The circumstances of each case determine whether failure to give the instruction was prejudicial. In the cases in which judgments were reversed for failure to give the instruction, it was not improbable that the jury would have returned a different verdict had the cautionary instruction been given. In *People* v. *Putnam,* 20 Cal.2d 885 [129 P.2d 367], the evidence against the defendant consisted primarily of the testimony of a 12-year-old boy. The boy's testimony was inconsistent, and the acts of defendant were circumscribed. In *People* v. *Rankins,* 66 Cal.App.2d 956 [153 P.2d 399], the defendant was convicted of statutory rape and incest on the uncorroborated testimony of his 16-year-old daughter. The girl's testimony was inconsistent, and other evidence indicated that motives of spite might have led to her accusation. In *People* v. *Trumbo,* 60 Cal.App.2d 681 [141 P.2d 225], a conviction for lewd conduct with a child was based on inconsistent testimony of two young girls. The parents of the girls corroborated their testimony, but the court held that under all the circumstances failure to give a cautionary instruction was reversible error. In *People* v. *Williams,* 55 Cal.App.2d 696 [131 P.2d 851], the prosecutrix was a mature woman, and

the offense charged was forcible rape. Circumstantial evidence indicated that the prosecutrix had consented to the intercourse, and, again, refusal to give a cautionary instruction was held to be prejudicial.

Under the circumstances of several other cases, failure to give a cautionary instruction was not prejudicial. In *People* v. *Lucas*, 16 Cal.2d 178 [105 P.2d 102, 130 A.L.R. 1485], this court held that the trial court should have given the instruction, but affirmed the judgment since the record clearly pointed to the defendant's guilt. The same result has been reached when there was evidence of corroborating facts and circumstances, and the unequivocal nature of the defendant's acts could leave no doubt as to his purpose. (*People* v. *Owsley*, 76 Cal.App.2d 166 [172 P.2d 561]; *People* v. *Finkel*, 70 Cal. App.2d 508 [161 P.2d 298]; *People* v. *Meyers*, 62 Cal.App.2d 24 [144 P.2d 60]; *People* v. *Fleming*, 58 Cal.App.2d 37 [136 P.2d 88]; *People* v. *Mummert*, 57 Cal.App.2d 849 [135 P.2d 665].)

▮ In the present case, the evidence as to defendant's admissions and the testimony of Miss F. lend plausibility to the testimony of the two prosecuting witnesses. To acquit defendant, the jury would have had to reject the testimony of the women in its entirety, or reject their identifications of defendant as the man who entered their bedrooms, or decide that defendant had not intended to have sexual intercourse with them by force. A careful examination of the entire record in accord with article VI, section 4½ of the California Constitution, leads us to the conclusion that it is improbable that the jury would have rejected the testimony of the prosecuting witnesses had a cautionary instruction been given and that there has therefore been no miscarriage of justice requiring reversal of the judgment.

The judgment and the order denying the motion for a new trial are affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

I do not feel that the evidence in support of the second count (assault with intent to commit rape on Mrs. P.) was sufficient to uphold the judgment of conviction. The inference that he had entered the room with intent to commit larceny is as readily deducible from the evidence in support

of this count, as is the inference that he intended peacefully to solicit sexual relations with her. If the evidence as to the assault on Miss W., 20 days prior to the act in question, had not been admitted in support of the second count, no one could doubt that the evidence would have been insufficient to uphold the judgment.

My views, with respect to the admission of evidence of crimes other than that which is charged against the defendant and for which he is being tried, have been expressed many times (see dissent *People* v. *Dabb,* 32 Cal.2d 491, 501 [197 P.2d 1] ; *People* v. *Westek,* 31 Cal.2d 469, 483 [190 P.2d 9] ; *People* v. *Peete,* 28 Cal.2d 306, 322 [169 P.2d 924] ; *People* v. *Zatzke,* 33 Cal.2d 480, 486 [202 P.2d 1009]) and, so long as this court continues to sanction a procedure so manifestly unjust, will be expressed many more times.

Appellant's petition for a rehearing was denied December 10, 1951. Carter, J., was of the opinion that the petition should be granted.