[Crim. No. 8284. Second Dist., Div. One. Dec. 7, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT EDWARD PADILLA, Defendant and Appellant.

Herbert M. Ansell for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of burglary (Pen. Code, § 459).

In an information filed in Los Angeles County on December 12, 1961, the appellant was charged in Count I with assault with intent to commit rape in violation of section 220, Penal Code, in that on or about November 19, 1961, he made an assault upon Stella Bonilla, a female person not then his wife, with the intent and by force and violence to have an act of sexual intercourse with Stella Bonilla; in Count II he was charged with the crime of burglary in that he did on about November 19, 1961, enter the residence of Stella Bonilla with the intent then and there to commit rape; the third count charged the appellant with the crime of assault by means of force likely to produce great bodily injury in that on or about November 19, 1961, he feloniously assaulted Stella Bonilla by means of force likely to produce great bodily injury. A motion under Penal Code section 995 was made by the appellant and granted as to Count III and said count was dismissed. Appellant pleaded not guilty as to Counts I and II and waived a trial by jury. Appellant was represented by counsel at all stages of the proceedings. He was found guilty as to Count II and not guilty as to Count I.

Probation was denied and appellant was sentenced to prison for the term prescribed by law. The appeal is from the judgment.

A résumé of some of the facts is as follows: Mrs. Stella Bonilla and her baby were alone in her house. She was asleep in her bedroom in the residence during the early morning hours of November 19, 1961. She was awakened at about 5 :30 a. m. and discovered appellant, whom she had never seen, sitting on her bed. She asked, "Who is it?" and appellant answered "It's me." She tried to get up and as she did so appellant pushed a handkerchief over her face, whereupon she struggled to get free and began screaming. Appellant thereupon ran out of the rear of the house. Mrs. Bonilla called the police and in a few minutes two deputy sheriffs arrived. She gave a description of the man to the officers, stating, among other things, that he was wearing khaki pants and a sweater. After appellant had left her premises she found a pair of

lady's undergarments and a handkerchief in her bedroom. The items did not belong to her and were not in the bedroom when she retired.

At about 5:30 a. m. on the same date a neighbor, Mrs. Nina Kateley, saw a man dressed in khaki pants and a sweater standing at the back of her home, which was across the street diagonally from Mrs. Bonilla's. Mrs. Kateley telephoned the police and two officers arrived about 10 or 15 minutes later. The deputies, shortly after talking with Mrs. Bonilla, returned with appellant and he was identified by Mrs. Bonilla as the man who had been in her room.

Mrs. Kateley was unable to identify the appellant positively as being the man she had seen in her yard because she had not seen his face.

Deputy Sheriff O'Donohue was one of the two officers who talked with Mrs. Bonilla and Mrs. Kateley. He had received a call to go to Mrs. Kateley's to check on a prowler and while searching the neighborhood for the prowler the call came in to check with Mrs. Bonilla about a burglar. The officers went to the home of Mrs. Bonilla, got the description of appellant, and returned to search the neighborhood. Soon after, about a mile or so from the Bonilla home, the officers saw appellant trotting down the street. He was in gray trousers and a sweater. He told the officers he had been drinking and was looking for a place to urinate. He was taken by the officers to Mrs. Bonilla, who identified him and he was thereupon booked in jail.

Appellant now asserts that there was no evidence which would warrant an inference of any intent to rape Mrs. Bonilla, and that the conviction under Penal Code section 459 (burglary) cannot stand, since it is irreconcilable with the judgment of acquittal as to Count I (assault with intent to commit rape).

It is appropriately stated in *People* v. *Nye,* 38 Cal. 2d 34, 37 [237 P.2d 1] :

''[1] The crime of assault with intent to commit rape was committed, if defendant intended to have sexual intercourse with his victim and to use force to overcome her resistance. (*People* v. *Lutes,* 79 Cal.App.2d 233 [179 P.2d 815] ; *People* v. *Harshaw,* 71 Cal.App.2d 146, 149 [161 P.2d 978].) Defendant concedes that an assault on Mrs. P. was shown by the evidence, but contends that his conduct, standing alone, does not show the intent with which he made the assault.

''[2] When a strange man enters a woman's bed-

room, covers her mouth with his hand, grasps her wrist while she screams and kicks, releases her when she bites his hand, and makes no effort to take any property, it is reasonable to infer that he intended to commit rape. . . .''

Furthermore the inference can be drawn that appellant brought with him into the bedroom of Mrs. Bonilla the lady's undergarments found therein.

With reference to the matter of whether there was an assault with intent to commit rape, it is stated in *People* v. *Meichtry,* 37 Cal.2d 384, 388-389 [231 P.2d 847] :

''[2] The essential element of the offense charged is the intent to commit the act against the will of the complainant. The offense is complete if at any moment during the assault the accused intends to use whatever force may be required. *(People* v. *Stewart,* 97 Cal. 238 [32 P. 8].) [3] The question whether the intent existed is one for the jury to determine from the conduct of the defendant and the surrounding circumstances. A determination by the court is permissible only when the facts afford no reasonable ground for an inference that the intent existed. (See also *People* v. *Woods,* 75 Cal.App.2d 246 [170 P.2d 477] ; *People* v. *Lutes,* 79 Cal.App.2d 233 [179 P.2d 815].)''

In this case the judge found the appellant not guilty of the assault with intent to commit rape charge. It may well be that the judge was of the belief that appellant's resolve to use whatever force might have been required diminished greatly upon accosting Mrs. Bonilla. He did not seize her person. But that determination does not mean at all that appellant did not have the idea and intent of raping Mrs. Bonilla when he made his entry into her house under the circumstances.

There can be no doubt that appellant entered the house of Mrs. Bonilla in the nighttime and without consent. The evidence is clearly sufficient to warrant the conclusion that appellant entered the house for the purposes of raping Mrs. Bonilla. (See *People* v. *Nanez,* 84 Cal.App.2d 778 [191 P.2d 494] ; *People* v. *Novo,* 12 Cal.App.2d 525, 528 [55 P.2d 915] ; *People* v. *Hermes,* 73 Cal.App.2d 947 [168 P.2d 44] ; *People* v. *Burns,* 63 Cal. 614; *People* v. *Soto,* 53 Cal. 415.)

 The appellant saw fit to deny that he was in the house rather than to present some logical explanation for his presence at the stated hour of the morning. The intent with which he entered must therefore be inferred from an act or acts on his part or from some other circumstances The

determination of the question of intent is a question of fact for the trier of fact.

 Going now to the appellant's second contention. Penal Code section 954 reads as follows:

"§ 954. [Charge of multiple offenses or different statements of same offense; consolidation of accusatory pleadings; election not required; conviction on multiple charges; statement in verdict or finding; separate trials; acquittal on some counts.]

"An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated. The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court; provided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately. An acquittal of one or more counts shall not be deemed an acquittal of any other count."

The elements of the first and second counts as charged in the information are entirely different. The burglary charge simply and in effect is that appellant entered the building with the intent to commit a felony (rape). There is no requirement that the felony intended to be committed be completed. *(People v. Murphy,* 173 Cal.App.2d 367, 373 [343 P.2d 273].) The trial judge may well have felt in this case that after the entry appellant abandoned any thought of assaulting Mrs. Bonilla with the intent to commit rape. If he did so abandon such an idea or retreat from actually raping Mrs. Bonilla he nevertheless was still guilty of burglary under the circumstances of this case. The elements of the two crimes charged and tried are not identical. *(People v. Carner,* 117 Cal.App.2d 362, 364 [255 P.2d 835].)

*People v. Novo,* 12 Cal.App.2d 525 [55 P.2d 915], relied upon by appellant, is factually different from the case at hand and is of no assistance to him. In that case the defend-

ant was convicted of second degree burglary—there was an inconsistency because a finding of burglary in the second degree was a finding in effect that there was no assault. The assault conviction was thereupon reversed and the burglary conviction was affirmed. Such is not the situation in the case at hand.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.