[Crim. No. 10122. Second Dist., Div. Two. Mar. 29, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. BENNIE
JAMES JEFFREY, Defendant and Appellant.

Hirsch Adell, under appointment by the District Court of
Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and
Ronald W. Tochterman, Deputy Attorneys General, for Plain-
tiff and Respondent.

FOX, J.*—Defendant was convicted of burglary in the
second degree in that he entered the factory and building
occupied by Dumas of California with intent to commit theft

---

*Retired Presiding Justice of the District Court of Appeal sitting
under assignment by the Chairman of the Judicial Council.

on February 23, 1964. He admitted a prior conviction. Probation was denied and defendant was sentenced to the state prison.

The building occupied by Dumas of California is located on San Pedro Street between 8th and 9th Streets in Los Angeles. It is about 25 feet north of 9th Street. Duke's Liquor Store is also located on San Pedro Street. It is north of the Dumas building. There are two lots separating the two buildings. There is an alley with entrances on 8th and 9th Streets behind the Dumas building and Duke's Liquor Store.

On February 23, 1964, at approximately 6:21 p.m., someone broke into the rear of the Dumas building, activating a burglar alarm; three rear windows were broken; four bolts of cloth belonging to Dumas were taken from the building; they were found outside near one of the broken windows.

When the burglar alarm was activated, the police were notified immediately. Officer Rupe of the Los Angeles Police Department was in his car on San Pedro Street when he received a report of the burglary. He drove to the Dumas building. He observed another police car was approaching the front of the building so he proceeded to the alley.

As he approached the 9th Street entrance to the alley, he saw defendant and another man coming out of the alley. Defendant was walking behind the other man. Only a minute or two had passed since the receipt of the burglary report. Officer Rupe questioned the men briefly and then drove into the alley to the rear of the Dumas building where he discovered the broken windows. Upon making this discovery, he got out of his car and ran back to the entrance of the alley. He saw defendant, who was then alone, about 100 feet away on 9th Street. He called to defendant who stopped. They met at the intersection of 9th and San Pedro Streets. Rupe again questioned defendant about his presence in the alley. Defendant said he had been drinking wine there. Rupe arrested defendant and took him to the police car in front of the Dumas building and handcuffed him to the door. He then returned to the rear of the building.

Some white material that had been in a box under one of the broken windows had been scattered about inside the building, apparently by the person who had entered through the window. Officer Rupe took a sample of this material. He had observed some similar white material clinging to defendant's head when he arrested him and had taken a

sample of it also. Both samples were later analyzed and found to be white wool.

A green hunting cap was found in the Dumas building under one of the broken windows. Later when defendant was taken to the police station for questioning, the cap was placed on a table at the station. After approximately a half hour defendant noticed the cap, claimed it, and admitted ownership of it, although he maintained he had been wearing it when he was brought into the station.

Defendant testified in his own behalf. He raised the defense of alibi. He testified that he was in the alley behind Duke's Liquor Store when he first saw Officer Rupe; that he had been sitting there for two or three hours drinking wine with a number of other men; the other men had just left; he was alone in the alley at that time; Officer Rupe ran past him with a flashlight in his hand; defendant stood up; the officer turned around, came back, and arrested him. Defendant further testified that he had the hunting cap on when he was arrested; that it was later knocked off his head by the arresting officer; he denied entering the Dumas building and denied that he removed or helped remove the bolts of material from the building.

Eugene Moore was called on rebuttal. He testified that he was among the group of men drinking wine in the alley behind Duke's Liquor Store. Defendant left the group before Moore did. Moore left when he saw Officer Rupe's car enter the alley. Officer Rupe stopped him near the 9th Street entrance to the alley. When the officer stopped him, Moore looked around and saw defendant about 25 feet behind him —almost directly behind the Dumas building.

In seeking a reversal defendant contends that the court committed prejudicial error in permitting witness Moore to testify as a rebuttal witness. We find no merit in this contention.

In the instant case the prosecution had presented in its case in chief ample evidence to justify and support defendant's conviction. Alibi was raised as an issue in the case for the first time by defendant on his direct examination. He testified that he was in the alley behind Duke's Liquor Store when Officer Rupe entered the alley a minute or two after the burglary. Officer Rupe, however, had testified that defendant was near the 9th Street entrance to the alley, which is substantially closer to the Dumas building than Duke's Liquor Store. Thus, an important item in the officer's testimony had been disputed by the defendant.

 In such circumstances the statement of the court in *People* v. *Harrison,* 59 Cal.2d 622, 629 [30 Cal.Rptr. 841, 381 P.2d 665], is apposite: "While it is improper for the prosecutor to withhold evidence which is properly a part of his case in chief and offer it after the defense has closed its case, such evidence may be used by the prosecutor where it comes within the rules of impeachment and may be admitted on rebuttal to meet evidence upon a point put into dispute by the testimony of the defense." Moore's testimony was offered for the sole purpose of impeaching by contradiction (Code Civ. Proc., § 2051) defendant's testimony concerning his whereabouts, which was raised for the first time by him on his direct examination. The prosecutor having made a clear case before resting "It was not necessary," as this court pointed out in *People* v. *Williams,* 164 Cal.App.2d 285, 292 [330 P.2d 942], "for him to anticipate and disprove every possible defense or alibi of the defendant." He was entitled to meet this issue on rebuttal by whatever evidence he had available. In *People* v. *Marino,* 176 Cal.App.2d 163, 166 [1 Cal.Rptr. 302], the court pointed out that "Two recent cases have sanctioned the introduction upon rebuttal of testimony refuting an alibi, although proof of defendant's presence at the place of the crime is necessarily a first element of the principal case." (Citing *People* v. *Williams, supra,* and *People* v. *Nye,* 38 Cal.2d 34 [237 P.2d 1].)

*Marino* involved a knifing in a prison television room. Prosecution witnesses placed the defendant in the room at the time in question. Defense testimony, however, raised the issue of alibi, namely, that the defendant was in another part of the prison when the knifing occurred. The prosecution was allowed to introduce in rebuttal the testimony of another inmate who placed defendant in the television room. In *Williams, supra,* a robbery case, prosecution testimony placed the defendant in a restaurant where the victim had been immediately before the crime. The defendant took the stand and denied having been there. Rebuttal evidence of an out-of-court admission that defendant was in fact at the restaurant was admitted. In upholding the ruling of the trial judge this court held: ". . . the People did not withhold a material part of the case until rebuttal, but offered rebuttal testimony to support their case in chief after it had been controverted by the defendant. The evidence was properly admitted." (P. 292.)

In *Nye, supra,* defendant was accused of assaulting two women with intent to commit rape. The People's case con-

sisted of the testimony of the victims and the testimony of a police officer as to admissions made by the defendant. In his testimony, however, the defendant raised the issue of alibi. In rebuttal the prosecution was permitted to introduce the testimony of a third woman placing the defendant at the scenes of the assaults on the dates in question. The ruling was sustained by the Supreme Court. It is thus apparent that under the decisions in *Williams, Marino* and *Nye,* witness Moore's testimony was properly admitted in evidence.

Defendant relies heavily upon *People* v. *Carter,* 48 Cal.2d 737 [312 P.2d 665], and *People* v. *Rodriguez,* 58 Cal.App.2d 415 [136 P.2d 626]. In *Carter,* which was a murder case, the prosecution was permitted to show in rebuttal that defendant's cap was found near the place where the murder weapon had been abandoned. The court took the view that this was improper rebuttal evidence. In *Rodriguez* it was held improper to permit the prosecution to withhold the defendant's confession until rebuttal. Later cases have distinguished *Carter* and *Rodriguez* limiting their application to evidence that is "crucial," i.e., "directly probative of the crimes charged" (*People* v. *Pike,* 58 Cal.2d 70, 92 [22 Cal.Rptr. 664, 372 P.2d 656]) or "essential to the case in chief, . . ." (*People* v. *Harrison,* 59 Cal.2d 622, 630 [30 Cal.Rptr. 841, 381 P.2d 665].)

It is obvious that Moore's testimony was not in the category of that involved in the *Carter* and *Rodriguez* cases and those decisions are, therefore, not controlling in the instant case.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied April 19, 1965.